**Lars M. REIMANN and Woodson Tenent Laboratories, Inc., Plaintiffs–Appellants,**

**v.**

**Joe HUDDLESTON, in his capacity as Commissioner of Revenue for the State of Tennessee, Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 10, 1993.

Application for Permission to Appeal Denied by Supreme Court March 28, 1994.

George T. Lewis, III, John R. Gregory, Sheila Jordan Cunningham, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for plaintiffs-appellants.

Charles Burson, Atty. Gen. and Reporter, William E. Young, Sr. Counsel, Atty. General's Office, Larry Lewis, Deputy Atty. Gen., for defendant-appellee.

CRAWFORD, Judge.

This is a suit for recovery of sales taxes paid on extended warranty contracts for mo-

tor vehicles. In *Covington Pike Toyota, Inc. v. Cardwell,* 829 S.W.2d 132 (Tenn.1992), our Supreme Court held that such extended warranty contracts were not subject to sales tax under T.C.A. § 67-6-102(22)(F)(iv) and (vi) (1983 & Supp.1987).[1]

Plaintiffs, Lars M. Reimann and Woodson Tenent Laboratories, Inc., individually and on behalf of a class of persons and entities similarly situated, brought suit to recover amounts paid as sales taxes in connection with the purchase of extended warranty contracts on motor vehicles for the period from January 1, 1989 to March 26, 1991. Plaintiffs also sought a declaratory judgment that Chapter 80, section 3, of the 1991 Tennessee Public Acts was unconstitutional under the Tennessee and United States Constitutions because it limited the amount of time in which a taxpayer could file a claim for a refund of sales taxes paid on warranty contracts to within thirty days of March 26, 1991.[2]

In response, the Commissioner of Revenue filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The chancellor concluded that plaintiffs lacked standing to bring the suit and on January 15, 1993, entered an order of dismissal. There was no class certification pursuant to Tenn.R.Civ.P. 23.01. Plaintiffs have appealed and present four issues for review. However, we perceive the determinative issue to be whether the chancellor erred in dismissing the suit for lack of standing.

The Retailer's Sales Tax Act, codified at T.C.A. § 67-6-101 to 67-6-712 (1989 & Supp. 1993), imposes a tax on retail sales. T.C.A. § 67-6-501 clearly states that the seller or "dealer making sales ... or furnishing any of the things or services taxable ... *shall* be liable for the tax imposed...." (emphasis added). T.C.A. § 67-6-502 mandates that the tax "shall be collected by the retailer from the consumer insofar as it can be done."

Thus, T.C.A. § 67-6-501 places the legal incidence of the sales tax upon the seller, not the consumer, but T.C.A. § 67-6-502 requires the seller to collect the tax from the consumer. *Beare Co. v. Olsen,* 711 S.W.2d 603 (Tenn.1986); *Sam Carey Lumber Co. v. Sixty-One Cabinet Shop,* 773 S.W.2d 252 (Tenn. App.1989).

In *Beare,* the Tennessee Supreme court held that under the refund statutes applicable at that time, a consumer who paid the sales tax to a dealer or retailer did not have standing to sue the state for a refund of the taxes. The Court said:

> The statutory provisions regarding the recovery of tax payments are clearly intended for the taxpayer's benefit. No provision is made for suit by a person upon which the incidence of the tax may ultimately fall.

711 S.W.2d at 605.

The present refund statute, T.C.A. § 67-1-1802, specifically provides for a refund to "taxpayers" and likewise makes no provision "for suit by a person upon which the incidence of the tax may ultimately fall." A suit for a refund of taxes is a suit against the state, which may be maintained only in the manner and form consented to by the state. Tenn. Const. art. I, § 17; *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778 (1942). Plaintiffs assert that because the refund statute, T.C.A. § 67-1-1802, allows only the taxpayer (the retailer or vendor) to claim a refund and not the consumers who bear the actual burden of the tax, they are unconstitutionally deprived of a remedy for the unlawful exaction of the sales tax on warranty contracts.

The plaintiff/consumer in *Beare* made this same argument, and in response thereto, the Court said:

> The plaintiff argues that it would be denied due process of law if it did not have standing to sue under the circumstances

---

1. The Retailer's Sales Tax Act was amended, effective March 26, 1991, to expressly make "[c]harges for warranty or service contracts" taxable. *See* T.C.A. § 67-6-102(22)(F)(ix) (Supp. 1993).

2. This act in effect allowed only a thirty day window within which to file all claims for refunds for sales taxes on warranty contracts improperly collected. After the expiration of this time, all such claims were barred.

presented here. This is apparently based upon the premise that the plaintiff would have no remedy otherwise. The plaintiff has the same remedy available to it that all consumers have concerning a billing complaint with a public utility, i.e., payment of the amount demanded under protest and suing the utility for recovery. But in this case, the plaintiff does not seek recovery from the City, rather instead the plaintiff seeks to recover from the state. The City was sued but on the theory that plaintiff was a taxpayer and the City was a collecting agent for the State. We have pointed out that this theory is erroneous. No judgment was sought or obtained against the City. Certainly a procedure is available under our Rules of Civil Procedure that would allow the plaintiff to sue the City with the City having a corresponding claim against the State, assuming the City upon whom the tax has been levied, has otherwise complied with the payment under protest statutes. Plaintiff apparently argues that such a procedure is cumbersome, but if such argument be accepted it would not result in a denial of due process.

*Beare,* 711 S.W.2d at 606.

Plaintiffs also argue that dealers have no incentive to sue for the recovery of the taxes. We must respectfully disagree. The state aptly responded to this argument in its brief, which we now adopt:

> The argument by the Plaintiffs that the dealers have no incentive to sue for the recovery of such taxes is disingenuous. The motive for dealers to bring such lawsuits would include avoidance of litigation by their customers to recover such taxes. Moreover, as recognized by the Legislature, dealers and vendors are in a better position to bring such lawsuits than are consumers who may ultimately bear the economic consequences of the tax. Dealers maintain the records connected with the sales that bear these taxes, *see* T.C.A. § 67–6–523, and since dealers handle a volume of sales they can file a single refund claim on a number of sales whereas an individual consumer would usually file a claim for taxes paid on one or two purchases, *see* T.C.A. § 67–1–1802. Indeed, given the small amounts that an individual consumer could claim as a refund, it is the consumer and not the dealer who would have the financial disincentive to pursue such a claim for refund.

We also note that the dealer's incentive should have no effect on a consumer's cause of action against the dealer for illegally collected taxes.

■ Finally, plaintiffs assert that the refund statute denies them due process because they have no opportunity to challenge the legal validity of the tax collected. Plaintiffs argue that they are entitled to "a fair opportunity to challenge the accuracy and legal validity of their tax obligation, [and] also a 'clear and certain *remedy*' ... for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." *McKesson v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 39, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17 (1990) (citations omitted) (emphasis added).

We must respectfully disagree with plaintiffs' assertion. *McKesson* deals with a *taxpayer's* refund. It is the taxpayer who must be afforded the opportunity to challenge the validity or legality of the tax; the consumer's remedy is against the taxpayer, here, the vendor of the warranty contracts, to recover the amounts paid.

It is the duty of the Court of Appeals to apply the law as promulgated by the legislature, or as announced by the Supreme Court. This Court is bound by the decisions of the Supreme Court under the doctrine of *stare decisis.* In no way is it the function of this Court to intentionally overrule a holding of the Supreme Court. The question of standing was resolved by our Supreme Court in *Beare Co. v. Olsen, supra,* and that decision is controlling here.

Accordingly, the order of the trial court dismissing plaintiffs' suit is affirmed and costs of the appeal are assessed against the appellants. The case is remanded to the trial court for such further proceedings as may be necessary. Since our decision on this issue controls the outcome of this appeal we pretermit consideration of the other issues presented for review.

HIGHERS, J., concurs.

TOMLIN, P.J. (W.S), not participating.