Eva Chacon MORALES, Appellant,

v.

The STATE of Texas.

No. 1388–92.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 26, 1994.

Tony Chavez, Odessa, for appellant.

Al W. Schorre, Dist. Atty., and Ralph Petty and Robin M. Sams, Asst. Dist. Attys., Midland, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of aggravated possession of marihuana. Tex. Health & Safety Code § 481.121(c). Pursuant to a plea bargain agreement, appellant entered a plea of guilty and the jury sentenced appellant to ten years confinement and a fine of $10,000. The Court of Appeals reversed. *Morales v. State*, 838 S.W.2d 272 (Tex.App.—El Paso 1992). We granted the State's petition for discretionary review to determine whether the Court of Appeals correctly held a reversal was required for non-compliance with Tex.Code Crim.Proc.Ann. art. 26.13(a)(4).[1] We will affirm.

I.

Appellant was charged in a two count indictment with illegal investment, Tex. Health & Safety Code § 481.126(a)(2), and aggravated possession of marihuana, Tex. Health & Safety Code § 481.121(c). After the presentation of evidence and both parties rested, the State and appellant entered into a plea bargain agreement whereby, in exchange for a plea of guilty to possession of marihuana, the illegal investment charges would be dismissed. The trial judge attempted to admonish appellant on the consequences of her guilty plea pursuant to art. 26.13(a). However, the parties agree that the trial judge

1. The State's question for review asks:

Is a defendant entitled to have his plea of guilty set aside for failure of the trial court to admonish the defendant as set out by Tex.Code Crim.Proc.Ann. art. 26.13(a)(4), that if the defendant is not a citizen of the United States, a plea of guilty may result in deportation, the exclusion from admission to this country, or

the denial of naturalization under Federal law, where the record is silent as to whether the defendant was a citizen of the United States? Tex.R.App.P. 202(d)(4) provides in part: "The statement of the questions should be short and concise and should not be argumentative or repetitious." The State's question for review does *not* comply with Rule 202(d)(4).

failed to admonish appellant as required under art. 26.13(a)(4). The jury assessed appellant's punishment at ten years confinement and a $10,000 fine. The Court of Appeals reversed because of the lack of admonishments required by art. 26.13(a)(4). *Morales*, 838 S.W.2d at 276.

## II.

Art. 26.13 governs the admonishments to be given a defendant before her plea of guilty. Art. 26.13(a) provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere; and

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) *the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in*

*deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.*[2]

Art. 26.13(c) provides that the admonishments will be sufficient if the trial judge *substantially complies* with the admonishment required by art. 26.13(a).[3]

## III.

In *Ex parte McAtee*, 599 S.W.2d 335 (1980), the defendant contended the trial judge failed to admonish him, under art. 26.13(a). We held that "[a] total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error, without regard to whether the defendant was harmed." *Id.* We reasoned:

... that where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing of a knowing and voluntary plea of guilty.... Where there is a *total failure* to admonish concerning punishment, however, there is no *prima facie* showing; the defendant has received no warning whatsoever as to the punishment that is liable to be assessed. In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown.

*Id.* at 336 (emphasis in original; citations omitted). *See also, Weekley v. State*, 594 S.W.2d 96 (Tex.Cr.App.1980).

In *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Cr.App.1988), the trial judge wholly failed to admonish the defendant, pursuant to art. 26.13(a)(4). Relying upon our opinion in *McAtee*, we held:

While admonishments which substantially comply with Article 26.13 are sufficient, *the complete failure to comply with an admonishment required by the statute requires reversal.*

In admonishing the defendant as herein provided, substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

---

2. Unless otherwise indicated, all emphasis is supplied.

3. Tex.Code Crim.Proc.Ann. art. 26.13(c) provides:

*Cervantes*, 762 S.W.2d at 578. In *Cervantes*, we set aside the judgment and remanded the cause for a new trial. *Id.*

We reaffirmed our holdings in *McAtee* and *Cervantes* in *Hughes v. State*, 833 S.W.2d 137, 140 (Tx.Cr.App.1992). Hughes contended the trial judge did not substantially comply with art. 26.13(a)(1). We stated:

> ... substantial compliance will only be found where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. Conversely, it will not be found where a trial court wholly fails to admonish the defendant on punishment.

*Id.* (Footnotes omitted.)

## IV.

The instant case is indistinguishable from *Cervantes*. The trial judge wholly failed to admonish appellant as required under art. 26.13(a)(4). Therefore a *prima facie* case was not made and there is no requirement appellant show harm. *See, McAtee, supra, and, Hughes, supra.*

Accordingly, we affirm the judgment of the Court of Appeals.

CLINTON and OVERSTREET, JJ., join with the observation that the "if" wording in subsection (a)(4) is intended to preclude any inquiry into defendant's citizenship.

MILLER and WHITE, JJ., dissent.

MEYERS, Judge, concurring.

I join the Court's opinion in this case, and write separately because our lead opinion does not fully address the arguments advanced by the parties or the contrary viewpoint expressed by Presiding Judge McCormick and Judge Campbell. In his dissenting opinion, Judge McCormick contends that the judicial admonishment required by subdivision four of article 26.13(a) of the Texas Code of Criminal Procedure need not be given to American citizens, and that a complete failure to give it is nevertheless in substantial compliance with the statute unless the defendant demonstrates on the record that he is a foreigner.

Clearly, American citizens are not subject to deportation as a result of criminal conviction and cannot, therefore, be influenced by the possibility of immigration difficulties when deciding whether to plead guilty to a criminal offense. But the admonishment statute, by its terms, does not provide that the warning be given only to persons who are not citizens of the United States. Rather it requires that all persons who plead guilty be told that noncitizens are subject to deportation. *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Crim.App.1988).

Among many other considerations, most of which have not yet been imagined by this Court, one logically necessary effect of writing the statute in this way is to assure that trial judges need never litigate the question of a person's citizenship in order to determine whether he should be admonished under subdivision four. This is no small affair. If the Legislature had written that such an admonishment was to be given only to citizens of other countries, our own docket might soon be crowded with cases contesting the factual determination that certain persons needed no admonishment because they were not citizens of the United States. Under such conditions, it would soon become apparent that giving the admonishment in all cases is much the better solution. Perhaps the Legislature thought so too, and had enough foresight to avoid the whole difficulty in advance by making the admonishment mandatory in every case without regard to the defendant's citizenship. We should be mindful of this when construing the statute, and eschew any interpretation of it which holds for naught the obvious effect of its unambiguous language, which might very well have been chosen precisely because it has the advantage suggested here when read according to ordinary rules of English grammar. *See Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991).

But even if it were the case that the admonishment required by subdivision four does not apply to American citizens, the dissenters in this case would still be incorrect to require that foreigners prove their status in

order to demonstrate on appeal noncompliance with the statute. The whole point of admonishments is to alert defendants that certain consequences may follow from their pleas of guilty. If they know enough to make the record reflect their citizenship, where it is not otherwise apparent that citizenship has anything to do with the case, then they probably know already what the admonishment is. Placing the burden on defendants to prove it under these circumstance would only mock the statute by assuming contrary to fact that it serves no real purpose in our jurisprudence.

To be sure, our case law on this subject has been erratic over the years. It seems we could never quite decide whether to give the statute its plain meaning or the one we thought it should have. No doubt we were encouraged in this by the Legislature's modest reassurance that "substantial compliance by the court is sufficient[.]" Art. 26.13(c). Thinking this meant we should tolerate incomplete or inaccurate admonishments under some circumstances, we promptly invented a couple of exceptions where it seemed to us that the warnings were really unimportant anyway.

Thus, we have held that admonishments on the nonbinding effect of prosecutorial punishment recommendations are not absolutely required in cases where the record reflects that no such recommendations were contemplated by the parties. *McCravy v. State*, 642 S.W.2d 450, 461–62 (Tex.Crim.App.1982) (opinion on rehearing); *Jamail v. State*, 574 S.W.2d 137 (Tex.Crim.App.1978); *Kidd v. State*, 563 S.W.2d 939 (Tex.Crim.App.1978). We have also held that erroneous admonishments on the range of punishment substantially comply with the statute when the punishment actually assessed is within both the range permitted by law and that given by the trial judge in his warning. *Eatmon v. State*, 768 S.W.2d 310 (Tex.Crim.App.1989); *Robinson v. State*, 739 S.W.2d 795, 801 (Tex.Crim. App.1987); *Taylor v. State*, 610 S.W.2d 471 (Tex.Crim.App.1980).

The rationale underlying these peculiar cases reads more like an application of the harmless error rule than a determination that the admonishments actually given were substantially correct. Unfortunately, that is what "substantial compliance" has come to mean in our jurisprudence. We seem to think that the admonishments required by law must be given only when it might make a difference if they aren't. But that is not what "substantial" means in this or in any other context. Plainly, it is the sense of the statute that defendants need not be admonished in any particular form of words, but only that the information be communicated to them in some effective way. *See Richards v. State*, 562 S.W.2d 456, 458 (Tex.Crim.App. 1978); *Gamez v. State*, 506 S.W.2d 618 (Tex. Crim.App.1974); *Mayse v. State*, 494 S.W.2d 914 (Tex.Crim.App.1973). "Substantial compliance" is the opposite of "formal compliance," not a synonym for "virtual, partial, or near compliance."

Nevertheless, but for the exceptions mentioned above, our precedents do not encourage a casual attitude toward the admonishment of criminal defendants pleading guilty in our courts of law. Except where the record plainly reflects that a warning required by statute was superfluous, we have not hesitated to reverse convictions based upon pleas of guilty when it was apparent that the trial judge entirely failed to give the few simple cautions which our Legislature has seen fit to require in such cases. *Hughes v. State*, 833 S.W.2d 137 (Tex.Crim. App.1992); *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App.1980); *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979) (opinion on rehearing). I cannot accept that this requirement represents much of a burden on the trial-level judiciary of Texas, nor that remanding a cause for full compliance with the statute is an unjustified imposition upon these courts.

We often concoct legal fictions to avoid the plain effect of laws enacted by our Legislature. The simple fact is that the trial judge in this case, whether through accident or mistake, omitted to perform a duty imposed upon him by law. If he believes that compliance with this duty does not promote the fair administration of justice, then he and others of like mind should prevail upon the Legislature to relieve them of this simple task. But, in the meantime, neither this Court nor the

intermediate appellate courts of Texas are at liberty to do so.

CLINTON, OVERSTREET and MALONEY, JJ., join.

McCORMICK, Presiding Judge, dissenting.

The trial court convicted appellant on her plea of guilty for the offense of possession of marihuana in an amount over fifty but less than two hundred pounds. Punishment was assessed at confinement for ten years. The conviction was reversed. *Morales v. State,* 838 S.W.2d 272 (Tex.App.—El Paso 1992). We granted the State's petition for discretionary review to determine whether the failure to admonish a defendant on a plea of guilty as required by Article 26.13(a)(4), V.A.C.C.P.,[1] requires reversal when the record is silent as to the defendant's citizenship.

Appellant entered her plea pursuant to a plea bargain agreement. Prior to accepting the plea, the trial court correctly admonished her as to (1) the applicable range of punishment; (2) the existence of a plea bargain agreement; and (3) her limited right to appeal. It is undisputed that the trial court totally failed to admonish on the potential immigration consequences facing a non-citizen rather than giving an incomplete admonishment on the subject.

The Court of Appeals held that in the absence of any evidence as to citizenship there is nothing to rebut the presumption of materiality of Article 26.13(a)(4) which flows from the statutory requirement of giving admonishments to all defendants. Article 26.-13(a), V.A.C.C.P. Thus, in a situation in which there is a complete failure to admonish, substantial compliance[2] can only be shown if the omitted admonishment is not material. *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr.App.1979) (opinion on motion for rehearing). In *Whitten,* the record failed to show that the admonishment was not material:

"This Court has recognized two situations where deficient admonishments are considered to be in compliance with the statute. The first situation is where an admonishment was not given but the admonishment was immaterial to the plea in that case, such as where the trial court failed to admonish on the non-binding character of prosecutorial recommendations and no prosecutorial recommendation had been made. See, e.g., *Jamail v. State,* 574 S.W.2d 137 (Tex.Cr.App.1978); *Kidd v. State,* 563 S.W.2d 939 (Tex.Cr.App.1978); *Bouie v. State,* 565 S.W.2d 543, 553 (Tex. Cr.App.1978) (Onion, P.J., concurring). However, where the admonishment is relevant to the voluntariness of the plea, as is true here with the admonishment on the range of punishment, substantial compliance cannot be satisfied merely because *other* required admonishments were provided." *Whitten,* 587 S.W.2d at 158.

Thus, a complete failure to give a particular admonishment required by Article 26.13 may nevertheless be in substantial compliance with the statute and not constitute reversible error per se. Subsequently, however, in *Ex parte Cervantes,* 762 S.W.2d 577, 578 (Tex. Cr.App.1988), we held:

"While admonishments which substantially comply with Article 26.13 are sufficient, the complete failure to comply with an admonishment required by the statute requires reversal. *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980). Such a complete failure is reflected in this record."[3]

---

1. The statute reads:

   "(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

   \*       \*       \*       \*       \*       \*

   "(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."

2. Article 26.13(c), V.A.C.C.P., reads:

   "(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

3. However, *McAtee* involved a complete failure to admonish on the applicable range of punishment, a failure which had earlier been characterized as fundamental error such as to foreclose a

*Cervantes* and the instant case, however, deal with a failure to admonish on a topic which will not be applicable to every defendant. There is one major difference between the situations presented in *Cervantes* and the instant case, however. In *Cervantes* the record from the habeas proceeding was clear in its showing that applicant was not a citizen of the United States. Here, the record is completely silent. *Cervantes* showed that the omitted admonishment was material thus removing the case from that area of substantial compliance due to immateriality identified in *Whitten.* No such showing has been made in this case. We have previously held that a showing of harm or prejudice was required on appeal before a failure to fully comply with Article 26.13 would constitute reversible error. *Guster v. State,* 522 S.W.2d 494 (Tex. Cr.App.1975). We believe that such rule should be extended to those situations where the need for an admonishment is dependent upon the status of the defendant, such as the instant case.

I would therefore hold that a defendant who complains of a total failure to admonish pursuant to Article 26.13(a)(4) must show materiality by a showing that harm or prejudice as set out in Article 26.13(c) attended the failure to give the admonishment. To the extent that language within *Cervantes* would conflict with this holding, I would overrule it. Accordingly, I would reverse the judgment of the Court of Appeals and remand the cause to that court for consideration of appellant's remaining point of error.

CAMPBELL, J., joins this opinion.

requirement of a showing of harm. *Walker v. State,* 524 S.W.2d 712 (Tex.Cr.App.1975) (opinion on appellant's motion for rehearing); *Murray v. State,* 561 S.W.2d 821 (Tex.Cr.App.1977); *McDade v. State,* 562 S.W.2d 487 (Tex.Cr.App. 1978); *Fuller v. State,* 576 S.W.2d 856 (Tex.Cr. App.1979); *Stewart v. State,* 580 S.W.2d 594 (Tex.Cr.App.1979); *Weekley v. State,* 594 S.W.2d

96 (Tex.Cr.App.1980). The admonishment as to range of punishment can easily be seen to require such a prophylactic rule since each and every criminal defendant's plea will be affected to some extent by the range of punishment attached to the crime to which a plea will ultimately be entered.