Wayland Leroy LAMB, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–95–0310–CR.

Court of Appeals of Texas,
Amarillo.

May 8, 1996.

Rehearing Overruled July 8, 1996.

Discretionary Review Refused Nov. 6, 1996.

David T. Duncan, Jr., Lubbock, for appellant.

William Sowder, Criminal District Attorney, Lubbock, Michael West, Appellate Chief, for appellee.

Before DODSON and BOYD, JJ., and REYNOLDS, Senior Justice.*

## ON STATE'S MOTION FOR REHEARING

CHARLES L. REYNOLDS, Senior Justice (Retired).

On original submission of this appeal by appellant Wayland Leroy Lamb, Jr. from a judgment, rendered on a jury's verdict, decreeing his conviction of the felony offense of intoxication manslaughter, for which punishment was assessed at 20 years confinement and a $10,000 fine, we reversed the judgment and remanded the cause to the trial court. *Lamb v. State*, No. 07–95–0310–CR (Tex. App.—Amarillo, May 8, 1996) (not designated for publication). After review, we were satisfied that the evidence was legally sufficient to prove the elements of the offense beyond a reasonable doubt; however, because the record made in the trial court and submitted on appeal was silent as to appellant's citizenship, we determined that appellant's eighth-point-of-error complaint of the trial court's complete failure to admonish him, either in writing or in open court, of the citizenship consequences of his plea of nolo contendere, as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure Annotated (Vernon 1989), was meritorious, which mandated a reversal under the holding in *Morales v. State*, 872 S.W.2d 753 (Tex.Cr.App.1994).

In reviewing, on direct appeal, the almost identical situation where the trial court completely failed to admonish the defendant upon his plea of guilty to a felony offense, the *Morales* Court affirmed its prior decision in *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Cr.App.1988), that "*the complete failure to comply with an admonishment required by the statute* [article 26.13(a)(4), *supra* ] *requires reversal*," and held that because of the failure, "a *prima facie* case was not made and there is no requirement appellant show harm." *Morales v. State*, 872 S.W.2d at 754–55. Since "[t]he Court of Criminal Appeals is the court of last resort in this state in criminal matters," and we do not have any "authority to overrule or circumvent its decisions," *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex.Cr.App.1971); *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961), we were compelled by the *Morales* holding to reverse the judgment and remand the cause.

■ Initially, in its motion for rehearing, the State, after asserting that appellant cited article 26.13, *supra*, generally, and the pages in the record containing the court's admonishment, chides us for providing "Appellant with the arguments and authority necessary to support his point of error," on the theory that by not citing any supporting authority, appellant has failed to even substantially comply with Texas Rules of Appellate Procedure 74(f)(2). To the contrary, appellant's

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

statement of the fact that the court failed to admonish him of the citizenship consequences of his plea, referenced to the pages in the record showing the omission, and his citation of the mandatory language of article 26.13(a)(4) requiring the admonition, were sufficient to comply with the rule's requirements of "(1) a fair, condensed statement of the facts pertinent to such point[ ], with reference to the pages in the record where the same may be found; and (2) such discussion of the facts and authorities relied upon as may be requisite to maintain the point at issue." His argument directed our attention to the error complained of, which required us to address his contention. *Imo v. State*, 822 S.W.2d 635, 636 (Tex.Cr.App.1991).

Next, the State submits that the *Morales* opinion upon which we based the reversal was modified by the later opinion in *Ex parte Tovar*, 901 S.W.2d 484 (Tex.Cr.App.1995), which, the State represents, took the trial court's failure to admonish under article 26.13(a)(4), *supra*, out of the realm of fundamental error and opened the door to provide for harmless-error analysis. Apparently overlooked by the State is that the *Tovar* decision addressed a request for post conviction writ of habeas corpus relief, not a direct appeal, because of noncompliance with article 26.13(a)(4), *supra*, and in that setting held that "[i]n order to be entitled to post conviction collateral relief the application must raise a question of constitutional magnitude, allege facts establishing the constitutional violation and, if appropriate, prove that he was harmed." 901 S.W.2d at 485–86. In so holding, the Court overruled *Cervantes* to the extent that it indicated a failure to admonish pursuant to article 26.13(a)(4), *supra*, automatically entitles one to post conviction collateral relief without a showing of harm. 901 S.W.2d at 486, n. 2. However, en route to that decision, the *Tovar* Court cited its *Morales* decision to reiterate that "On direct appeal, we have stated that where a trial court wholly fails to comply with the admonishments requirements of Art. 26.13(a)(4), a reversal of the defendant's conviction will follow, and that no harm must be shown, as a predicate for reversal." 901 S.W.2d at 485. Because we review a direct appeal, we are compelled to apply the *Morales* decision.

Finally, the State moves us to exercise our discretion to grant its motion to supplement the record with "a fingerprint card that clearly states Appellant's place of birth as Artisia, [sic] New Mexico, making Appellant a citizen of the United States since birth." The State concedes that the card was not designated to be included in the record, but represents "the card was signed by Appellant, was filed with the court and is contained in the court's official record."

Apparently again overlooked by the State is that the fingerprint card tendered was filed of record three days after the trial court rendered judgment and imposed sentence, and there is no showing in this record that the card, or the other information the State indicates would show Appellant is a United States citizen, was before, or called to the attention of, the trial court at the time appellant entered his plea. Because the fingerprint card and other information referred to by the State are ex parte matters neither filed nor offered in proof at the trial, they cannot be considered part of, nor incorporated in, the record, *Chambers v. State*, 149 Tex.Cr.R. 400, 194 S.W.2d 774, 775 (1946), and, thus, we have no discretion to permit the supplementation of the record with the fingerprint card. *Farris v. State*, 712 S.W.2d 512, 516 (Tex.Cr.App.1986). The State's motion to supplement the record on appeal is overruled.

Remaining convinced that we made a correct disposition of the direct appeal on original submission, we overrule the State's motion for rehearing.

BOYD, J., concurs.

BOYD, Justice, concurring.

In gratuitously suggesting that this court "did not consider the State's argument" and that "the court acts out of character with its own precedent when an appellant makes an unsupported assertion and the court provides all the support for that statement," with the conclusion that this court's action "forces the State to anticipate arguments that are not made until the Court issues an opinion," the State acts out of character with the profes-

sionalism which it has always demonstrated in the past.

I join in Justice Reynolds's opinion and make this written concurrence with the hope that by use of the legal acumen the State's representatives have always demonstrated in the past, they will recognize that this court's opinion was rendered in all good faith and in pursuance of this court's constitutional and statutory obligation to consider, discuss, and decide appellant's contentions.

It does little good to point out that the statute in question in this case has been in force for a number of years prior to the trial giving rise to this appeal. The statute's impact was clearly explicated in the *Cervantes* opinion decided in 1988, as well as in the *Morales* opinion handed down in 1994, both of which were decided previous to the trial here in question.

As counsel must know, as an intermediate court, we must follow the decisions of our State's court of last resort on criminal matters. Were we writing on a clean slate, even though the State failed to put on any evidence showing the citizenship of appellant, despite the requirements of the statute and court decisions, the idea that such failures be measured in terms of actual harm would be persuasive. However, we are not writing on that clean slate and any such arguments must be addressed to the Court of Criminal Appeals.

I agree that for the reasons stated by Justice REYNOLDS, this court has no recourse but to overrule the State's motion for rehearing.