Downs v. McCormick 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00356-CV







Damon Downs, Appellant



v.



Michael J. McCormick, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 94-13630, HONORABLE PAUL DAVIS, JUDGE PRESIDING







PER CURIAM




 Appellant Damon Downs appeals the trial court's dismissal of his lawsuit. Downs,
a state inmate, sued appellee Michael J. McCormick for a judgment declaring that the court of
criminal appeals deprived him of equal protection by denying his applications for a writ of habeas
corpus. See 42 U.S.C.A. § 1983 (West 1994). We will reform the trial court's judgment and,
as reformed, affirm it.

 In his first point of error, Downs asserts that the trial court abused its discretion
in granting McCormick's motion for judgment on the pleadings. In point three, Downs argues
that the court erred in failing to grant him declaratory relief. McCormick asserted that he was
entitled to judgment on the pleadings based on Texas Civil Practice and Remedies Code section
13.001. (West Supp. 1996). The trial court granted McCormick's motion, found that Downs'
suit lacked merit and was frivolous, and dismissed the cause with prejudice.

 A trial court may dismiss a suit brought in forma pauperis if it finds that the action
is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West Supp. 1996). 
A claim may be dismissed as frivolous if the claim has no arguable basis in law or fact. §
13.001(b)(2). When, as here, the trial court did not hold an evidentiary hearing before dismissing
the lawsuit, the trial court cannot determine that the lawsuit had no basis in fact. Johnson v.
Franco, 893 S.W.2d 302, 303 (Tex. App.--Houston [1st Dist.] 1995, writ dism'd w.o.j.) A trial
court has broad discretion to dismiss a lawsuit pursuant to section 13.001. Id. We therefore
review whether the trial court abused its discretion by dismissing Downs' lawsuit and determining
that his cause had no arguable basis in law. Id.

 Downs alleges in his petition that when he pleaded guilty to arson charges, for
which he has been incarcerated, the trial court failed to admonish him of the immigration
consequences of his plea. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989). Based
on the court of criminal appeals' holding that such a failure requires reversal on appeal regardless
of harm, Downs challenged his convictions by applying for writs of habeas corpus. See Morales
v. State, 872 S.W.2d 753 (Tex. Crim. App. 1994). Downs asserts that, by denying his writ
applications, the court of criminal appeals treated him differently than others similarly situated and
deprived him of equal protection. See U.S. Const. amend. XIV.

 The court of criminal appeals has recently determined that one applying for a writ
of habeas corpus is not necessarily similarly situated to one directly appealing a conviction. See
Ex parte Tovar, 901 S.W.2d 484, 485-86 (Tex. Crim. App. 1995). Because of the limited scope
of review available in habeas proceedings, the court held that an applicant claiming that he was
not admonished of the immigration consequences of his plea must show that the failure affected
his decision to plead guilty. Id. at 486. An appellant directly appealing his conviction, however,
need not show harm. Id. at 485; Morales, 872 S.W.2d at 754.

 Downs does not claim to have shown harm to the court of criminal appeals in his
writ applications. Rather, Downs relies on Morales to assert that he need not show harm and
states in his brief that "whether [he] was (or will be) harmed remains to be seen." Thus, under
Tovar, Downs is not similarly situated to those claiming on direct appeal that they were not
admonished. Because Downs' equal protection claim lacks an arguable basis in law, the trial
court did not abuse its discretion in granting McCormick's motion to dismiss. § 13.001(b)(2). 
The trial court, however, dismissed Downs' cause with prejudice. Because section 13.001 does
not authorize a court to rule on the merits, we reform the judgment to reflect a dismissal without
prejudice. Morris v. Collins, 881 S.W.2d 138, 139 n.3 (Tex. App.--Houston [14th Dist.] 1994,
writ denied); see Rodebaugh v. Beachum, 576 S.W.2d 143, 145 n.1 (Tex. Civ. App.--Waco 1978,
writ ref'd n.r.e.). We overrule points one and three.

 In point of error two, Downs contends that the trial court abused its discretion by
assessing a sanction of $250.00 for attorney's fees and expenses of litigation. In his motion for
judgment, McCormick requested costs and attorney's fees to sanction Downs for filing a frivolous
suit. The court determined that Downs' suit was frivolous and ordered him to pay $250.00 as
reasonable attorney's fees and expenses of litigation. Downs asserts that no evidence supports the
amount of the sanction.

 Because chapter 13 of the Civil Practice and Remedies Code does not authorize
monetary sanctions, we presume that the court acted pursuant to Texas Rule of Civil Procedure
13, which allows such sanctions for filing frivolous pleadings. When attorney's fees and expenses
are assessed as sanctions, proof of neither the amount, nor its reasonableness or necessity, is
required. Miller v. Armogida, 877 S.W.2d 361, 365 (Tex. App.--Houston [1st Dist.] 1994, no
writ); Glass v. Glass, 826 S.W.2d 683, 688 (Tex. App.--Texarkana 1992, writ denied); Firestone
Photographs, Inc. v. Lamaster, 567 S.W.2d 273, 277-78 (Tex. Civ. App.--Texarkana 1978, no
writ). We overrule point two.

 We reform the trial court's judgment to dismiss Downs' action without prejudice. 
We affirm the judgment as reformed.


Before Justices Powers, Aboussie and Kidd

Reformed and, as Reformed, Affirmed

Filed: June 12, 1996

Do Not Publish