**Jon Christopher LASTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01121–CR.**

Court of Appeals of Texas,
Houston, (1st Dist.).

Dec. 12, 1996.

Roy Greenwood, Austin, for Appellant.

David Weeks, Huntsville, for Appellee.

Before SCHNEIDER, C.J., and
MIRABAL and O'CONNOR, JJ.

### OPINION

SCHNEIDER, Chief Justice.

After hearing the State's motion to adjudicate guilt, the trial judge found appellant, Jon Christopher Laster, guilty of the felony offense of burglary of a habitation,[1] revoked his deferred adjudication probation, and sentenced him to 12–years confinement in prison. Appellant challenges the court's judgment on the ground that the court failed to properly admonish him.

At appellant's 1991 burglary of a habitation trial, the trial judge verbally gave appellant certain admonishments required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989). However, the court did not admonish him that if he was not a citizen of the United States of America, a plea of guilty could result in his deportation, exclusion from admission to this country, or the denial of naturalization under federal law. Nothing in the record shows that appellant is a United States citizen. Appellant pled guilty.

Based on his guilty plea, the trial judge sentenced appellant to deferred adjudication probation for a period of 10 years. In April 1995, the State moved to adjudicate appellant's guilt for violations of his conditions of probation, and in August 1995, the trial judge granted the State's motion.

---

1. TEX.PENAL CODE ANN. § 30.02(c) (Vernon 1994).

**56**

In his third point of error, appellant asserts that the trial court's failure to admonish him in conformity with TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(4) (Vernon 1989), when the record is silent on whether he is a United States citizen, requires that his conviction be reversed.

Article 26.13(a)(4) provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: ...

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Here the record reflects that the trial court did not give appellant such an admonishment. The record is silent concerning whether appellant is a United States citizen. Lack of evidence in the record concerning appellant's citizenship makes it impossible to determine the effects of the trial court's error. *Matchett v. State,* No. 71664, slip op. at 6 n. 9, —— S.W.2d —— n. 9, 1996 WL 638228 (Tex.Crim.App. November 6, 1996). Under such circumstances, the court's judgment must be reversed. *Morales v. State,* 872 S.W.2d 753, 755 (Tex.Crim.App.1994).

Based on our disposition of appellant's third point of error, it is unnecessary to reach appellant's first and second points of error.

We reverse the judgment and remand the case for further proceedings consistent with this opinion.