

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1199-17

**ANDREW LEE WILLIAMS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## BRAZORIA COUNTY

KEASLER, J., delivered the opinion of the Court, in which HERVEY, RICHARDSON, YEARY, NEWELL, and SLAUGHTER, JJ., joined. KELLER, P.J., filed a concurring opinion. WALKER, J., filed a dissenting opinion. KEEL, J., concurred.

## O P I N I O N

Andrew Williams was charged with manslaughter for killing a pedestrian with his vehicle. One of the State's theories was that Williams was intoxicated when the crash occurred. To support this theory, pursuant to Article 38.41 of the Code of Criminal Procedure,[1] the State offered an analysis of Williams's blood without calling the analyst who

---

[1] *See generally* TEX. CODE CRIM. PROC. art. 38.41 ("Certificate of Analysis").

tested the blood as a sponsoring witness. The court of appeals decided that the trial judge properly admitted this evidence over Williams's confrontation objection. We agree.

## I. BACKGROUND

Donna Treesh was jogging when she was struck and killed by a vehicle driven by Andrew Williams. After colliding with Treesh, Williams fled the scene. Police located Williams and his vehicle a short time later. Suspecting that Williams was intoxicated, the police obtained a search warrant to collect a sample of his blood. Williams was ultimately charged with manslaughter and failure to stop and render aid.[2]

Williams's blood sample was sent to two labs. First, the blood was tested at the Brazoria County Crime Laboratory by analyst Sam Wylie. Wylie's analysis revealed the presence of meprobamate, a metabolite of carisoprodol or "Soma," and THC, the psychoactive ingredient in cannabis, in Williams's blood. The blood was also tested at "NMS Labs" (NMS), an independent forensic testing facility in Pennsylvania. Under the more-sensitive NMS analysis, Williams's blood tested positive for amphetamine, methamphetamine, delta-9 THC, delta-9 Carboxy THC, benzoylecgonine, hydrocodone, carisoprodol, and meprobamate.

About 50 days before the trial began, the State notified the trial court and Williams that, pursuant to Code of Criminal Procedure Article 38.41, it would offer the NMS laboratory report as evidence at trial *via* a "certificate of analysis." Attached to this notice

---

[2] TEX. PENAL CODE § 19.04; TEX. TRANSP. CODE § 550.021(c)(1)(A).

was an affidavit from Dr. Wendy Adams, an Assistant Laboratory Director at NMS.

As relevant here, Adams's affidavit established that (1) Adams is employed by NMS Labs; (2) NMS is accredited by the American Board of Forensic Toxicology; (3) Adams is familiar with NMS's standard operating procedures; (4) Adams's duties as an Assistant Laboratory Director include the analysis of evidence "for one or more law enforcement agencies"; (5) Adams's *curriculum vitae*, which was attached to the affidavit, accurately reflected her educational background; (6) she had "reviewed the data from the tests or procedures on the toxicological evidence" from Williams's case; and (7) the attached lab report represented "an accurate record of the tests or procedures performed on the . . . evidence received by this laboratory and are reliable and approved by NMS Labs."

Also attached to the State's notice were fifteen pages of records comprising the results of NMS's analysis, as indicated above. Williams did not lodge a pre-trial objection to the use of the certificate.

But at trial, when the State offered the NMS report into evidence without calling anyone from NMS as a sponsoring witness, Williams did object. Williams claimed that admitting the report without the testimony of an NMS analyst would violate his Sixth-Amendment right to confrontation. While Williams acknowledged that the State's timely filed certificate of analysis might, in theory, have operated to defeat his confrontation objection, he argued that the certificate in this case did not "substantially compl[y]" with Article 38.41. Williams posited that, to meet the minimum threshold of "substantial

compliance," a certificate of analysis must contain a sworn statement from the analyst who actually conducted the tests. The State's certificate in this case did not establish that Adams herself conducted or observed any of the tests done on Williams's blood.

The State countered that, under the article's notice-and-demand provision, Williams was required to raise any objections at least ten days before trial—and that his failure to do so forfeited his confrontation objection. The trial judge overruled Williams's objection without stating his reasons for doing so. The jury ultimately found Williams guilty of both offenses and sentenced him to sixty years' imprisonment for each one.

On appeal, Williams argued that the trial court abused its discretion when it admitted the State's certificate of analysis over his confrontation objection. The Fourteenth Court of Appeals rejected this argument and affirmed the conviction, holding that "[a]bsent a more specific requirement in the statute that the affiant be the certifying analyst, the Certificate of Analysis substantially complies with the requirements of [A]rticle 38.41."[3] That being the case, "appellant was required to file a written objection at least ten days before the beginning of trial."[4] Since counsel failed to object pre-trial, the court of appeals determined that Williams had failed to preserve his confrontation complaint.[5]

The court of appeals expressly decided that this certificate of analysis "substantially

---

[3] *Williams v. State*, 531 S.W.3d 902, 917 (Tex. App.—Houston [14th Dist.] 2017) (citations omitted).

[4] *Id.* at 918 (referring to TEX. CODE CRIM. PROC. art. 38.41, § 4).

[5] *Id.*

complies with the requirements of [A]rticle 38.41."[6] The thrust of Williams's argument is that this certificate does not "substantially compl[y]" with Article 38.41,[7] and the thrust of the State's argument is that it does.[8] There is therefore no basis for the suggestion that this issue was not adequately briefed by the parties or is not properly before us.[9] It is entirely appropriate for us to decide this issue, even if we ultimately construe "substantial compliance" to mean something other than what the parties or the court of appeals understood it to mean.[10]

## II. LAW

The Sixth Amendment Confrontation Clause provides the accused in a criminal prosecution the right to be confronted with the witnesses against him.[11] So when the State

---

[6] *Id.* at 917 (citing TEX. CODE CRIM. PROC. art. 38.41, § 5).

[7] *See* Appellant's Brief on Discretionary Review at 6 ("Appellant argues that a certificate that does not contain the sworn affidavit of the chemist who personally conducted the testing does not substantially comply with Section 5 of Article 38.41").

[8] *See* State's Brief on Discretionary Review at 2 ("At issue is whether the certificate admitted into evidence as State's Exhibit 138 substantially complies with the requirements of article 38.41.").

[9] *See* Concurring Opinion at 1–2.

[10] *Cf. Oliva v. State*, 548 S.W.3d 518, 520 ("We, of course, are not bound by any agreement or concessions by the parties on an issue of law.").

[11] U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."); *see also Pointer v. Texas*, 380 U.S. 400, 406 (1965) (holding that the Sixth Amendment right of confrontation is "enforced against the States under the Fourteenth Amendment") (citations omitted).

offers a "testimonial" statement against the accused into evidence, the accused generally has a right to insist that the person making the statement appear in court and be subject to cross-examination.[12] Forensic laboratory reports created solely for an evidentiary purpose, made in aid of a police investigation, are considered testimonial.[13] Ordinarily, then, a criminal defendant has a right to insist that a forensic analyst making incriminating claims in a laboratory report explain and defend her findings in person at trial.

But the State may, without offending the Confrontation Clause, adopt "procedural rules" governing confrontation-based objections.[14] For example, the Constitution permits a State to enact a "notice-and-demand" statute.[15] "In their simplest form, notice-and-demand statutes require the prosecution to [notify] the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial."[16] The United States Supreme Court has listed Article 38.41 in the Texas Code of Criminal

---

[12] *See Crawford v. Washington*, 541 U.S. 36, 52–54 (2004).

[13] *Bullcoming v. New Mexico*, 564 U.S. 647, 664 (2011) (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009)).

[14] *Melendez-Diaz*, 557 U.S. at 327 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

[15] *Id.* at 326–27.

[16] *Id.* at 326.

Procedure as an example of a constitutionally permissible notice-and-demand provision.[17]

Article 38.41, Section 1 says that a "certificate of analysis that complies with this article is admissible in evidence . . . to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court."[18] Section 3 says that a certificate of analysis under Article 38.41 "must contain" the following information certified under oath: (1) the analyst's name and the name of the laboratory employing her; (2) a statement that the laboratory is properly accredited; (3) a description of the analyst's education, training, and experience; (4) a statement that the analyst's duties include analyzing evidence for one or more law enforcement agencies; (5) a description of the tests or procedures conducted by the analyst; (6) a statement that the tests or procedures were reliable and approved by the laboratory; and finally (7) the results of the analysis.[19]

Section 4, the notice-and-demand provision, requires the offering party to file the certificate with the trial court and provide a copy to the opposing party "[n]ot later than the 20th day before the trial begins."[20] But in any event, "[t]he certificate is not admissible under Section 1 if, not later than the 10th day before the trial begins, the opposing party files a

---

[17] *Id.*

[18] TEX. CODE CRIM. PROC. art. 38.41, § 1.

[19] *Id.* § 3.

[20] *Id.* § 4.

written objection to the use of the certificate."[21]

Finally, Section 5 states that a certificate "is sufficient for purposes of this article if it uses the following form or if it otherwise substantially complies with this article."[22] A form affidavit, worded in the first person, is provided: "My name is . . . . I am employed by . . . . My educational background is . . . ,"[23] and so forth. The issue in this case is whether, this first-person language notwithstanding, someone other than the analyst who conducted the testing can serve as the affiant for a certificate of analysis under Article 38.41.

### III.  ANALYSIS

**A.  Has Williams forfeited his confrontation claim?**

At the outset, we note that there is a potential procedural-default issue. As noted above, Article 38.41, Section 4 requires the offering party to give the other party a copy of the proposed certificate of analysis "not later than the 20th day before the trial begins."[24] The State complied with this requirement in this case. Section 4 also says that a certificate offered under Section 1 is not admissible if, "not later than the 10th day before the trial begins," the opposing party files a written objection.[25] In this case, Williams did not object

---

[21] *Id.*

[22] *Id.* § 5.

[23] *Id.*

[24] TEX. CODE CRIM. PROC. art. 38.41, § 4 (some capitalization altered).

[25] *Id.*

pre-trial; he waited until the certificate was offered at trial to raise his confrontation objection. By failing to object to the certificate within the statutory timeline, did Williams forfeit his subsequent constitutional, confrontation-based objection?

The parties seem to agree that if the State timely files a substantially compliant certificate of analysis and the defendant fails to object, the certificate is admissible at trial "without the necessity of the analyst personally appearing in court."[26] In that scenario, any confrontation objection at trial would necessarily fall on deaf ears. By virtue of the timely filed, substantially compliant certificate of analysis, the defendant would have been put on notice that, if he wanted to assert his right of confrontation, he needed to assert it within a particular time frame. And, if he fails to do so, the certificate will be admitted over any subsequent confrontation objection.

But what if the State files a certificate that neither fully nor even "substantially" complies with Article 38.41? What if, for example, the State timely files a certificate that includes only the results of the analysis without any accompanying affidavit or sworn statement—and then declares its intent to offer the certificate without calling the analyst as a sponsoring witness? Is it still the case that, if the defendant fails to timely object to the use of that certificate, it remains admissible over his subsequent confrontation objection?

Williams argues that Section 4's timely-objection requirement is triggered only if the proffered certificate meets the minimum threshold standard of "substantial compliance" with

---

[26] *See* TEX. CODE CRIM. PROC. art. 38.41, §§ 1, 4, 5.

Article 38.41.[27] And, according to Williams, the State's certificate in this case did not substantially comply with the article because it did not contain a sworn statement from the analyst who tested his blood. Under Williams's reading of the statute and his assessment of the State's certificate in this case, he was under no obligation to object to the certificate pre-trial. He therefore asserts that his confrontation objection was properly made when the State offered the certificate into evidence at trial.

Because we decide that the certificate in this case does substantially comply with Article 38.41 (at least in the particular, narrow regard Williams has complained about on appeal), we need not decide this preservation issue. In receipt of a substantially compliant certificate of analysis more than twenty days before trial, Williams was required to object to the use of the certificate in a timely manner or risk losing his ability to assert his right of confrontation at trial. We leave for another day an examination of the procedural-default consequences of a defendant's failure to timely object to a certificate of analysis that does not substantially comply with Article 38.41.

## B. What is "substantial" compliance?

While Section 3 of Article 38.41 describes the information that a certificate of analysis "must contain,"[28] the plain purpose of Section 5 is to describe the various forms that a

---

[27] *See also* State's Brief on Discretionary Review at 22 (arguing that Dr. Adams's affidavit "substantially complies with 38.41 . . . and thereby triggered a time frame" in which Williams was obligated to object).

[28] TEX. CODE CRIM. PROC. art. 38.41, § 3.

certificate can permissibly take. If the offering party uses the prescribed form (what Section 5 refers to as "the following form"), worded in the first person, it can rest assured that the certificate will be deemed "sufficient" for purposes of Article 38.41.[29] But that is not the only form that a certificate of analysis may take. Section 5 is worded in the disjunctive; a certificate is sufficient if it uses the prescribed form "or if it otherwise substantially complies with" Article 38.41.[30]

The word "otherwise," as it appears in Section 5, is a clear indication that Section 5 is a permissive provision about form, not a mandatory provision about substance. That is, Section 5 does not dictate what kinds of information the certificate "must contain."[31] It describes how the certificate may, at the proponent's discretion, be worded. In common usage, "otherwise" means "in a different way or manner."[32] What Section 5 says, then, is that the offering party may structure the certificate of analysis in any "way or manner" it wishes, so long as the certificate "substantially" complies with Article 38.41.

That brings us to the critical question in this case: What does it mean for a certificate of analysis to "substantially" comply with Article 38.41? To answer this question, we look

---

[29] *Id.* § 5.

[30] *Id.*

[31] *See id.* § 3.

[32] *Otherwise*, WEBSTER'S NEW COLLEGIATE DICTIONARY (1st ed. 1980); *see also Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012) (citing TEX. GOV'T CODE § 311.011) ("[U]ndefined words and phrases [in a statute] shall be construed according to the rules of grammar and common usage.") (internal quotation marks omitted).

to our construction of another statute containing the phrase "substantial compliance."

Article 26.13(a) of the Code of Criminal Procedure says that, before accepting a plea of guilty or *nolo contendere*, the trial judge "shall admonish the defendant" upon six separately enumerated items.[33]  However, subsection (c) provides that, in admonishing the defendant, "substantial compliance by the court is sufficient."[34]  There was a time in our jurisprudence when we held that, if one of the statutorily enumerated admonishments was not given "but the admonishment was immaterial to the plea," the trial judge's admonishments would still, as a whole, be considered substantially compliant with Article 26.13(a).[35]

But in *Cain v. State*, we "rejected the . . . approach of finding substantial compliance where there was in fact no compliance with a particular admonishment."[36]  We described as "legal fiction" the idea that "an admonishment was in substantial compliance even though it was never given."[37]  And we quoted approvingly from a concurring opinion in an earlier, related case, *Morales v. State*: "It is the sense of [Article 26.13(c)] that defendants need not

---

[33]  *See* TEX. CODE CRIM. PROC. art. 26.13(a).

[34]  *Id.* art. 26.13(c).

[35]  *E.g.*, *Whitten v. State*, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979) (citations omitted).

[36]  *See Cain v. State*, 947 S.W.2d 262, 263 (Tex. Crim. App. 1997) (citing *Morales v. State*, 872 S.W.2d 753, 754–55 (Tex. Crim. App. 1994)).

[37]  *Id.* at 264.

be admonished in any particular form of words, but only that the information be communicated to them in some effective way."[38]   That concurrence also construed "substantial compliance" as "the opposite of 'formal compliance,' not a synonym for 'virtual, partial, or near compliance.'"[39]

That is precisely how we understand the phrase "substantially complies" in Article 38.41, Section 5.  A certificate of analysis under Article 38.41 does not need to be phrased "in any particular form of words."[40]   But it must, at a bare minimum, "substantially" comply—that is, comply with all of the substantive requirements of—Article 38.41.  As we have already observed, the mandatory, substantive requirements of an Article 38.41 certificate are laid out in Section 3.[41]   That is because Section 3 is the only provision of the statute that speaks to what a certificate of analysis "must contain."[42]

Section 3 requires the certificate to include information that might arguably be considered personal to the laboratory analyst—her name, educational background, duties of employment, and so forth.  But there is no express requirement in Section 3 that any of that

---

[38]   *Id.* at 263 n.3 (quoting *Morales*, 872 S.W.2d at 756 (Meyers, J., concurring)).

[39]   *See Morales*, 872 S.W.2d at 756 (Meyers, J., concurring).

[40]   *See id.* (Meyers, J., concurring).

[41]   *See Franklin v. State*, No. PD-0787-18, 2019 WL 2814861, at *2 (Tex. Crim. App. July 3, 2019) ("A statute must be read as a whole in determining the meaning of particular provisions, and it is presumed that the entire statute is intended to be effective.") (footnotes and citations omitted).

[42]   *See* TEX. CODE CRIM. PROC. art. 38.41, § 3.

information come from the analyst herself. Section 3 says that the information must be "certified under oath," but it does not require that oath to be given by any particular individual. It seems to us that any person or group of persons with knowledge of the analyst, laboratory, and forensic testing procedures and results could truthfully swear to any or all of the information that Section 3 requires.[43]

Does it matter if the affiant is someone who could not, over a Sixth Amendment confrontation objection, serve as a sponsoring witness for the laboratory results at trial? The answer is no. No matter who the affiant is, the defendant can always assert his right of confrontation, as long as he is diligent about it. If, after the State provides the defendant with a substantially compliant certificate of analysis, the defendant still wishes to confront his accuser in court, Article 38.41 allows him every opportunity to do so. All he has to do is assert his right of confrontation "no[] later than the 10th day before the trial begins"[44] and it will be afforded to him; this is true even if the certificate of analysis tracks the statute word-for-word.[45] But if the defendant does not promptly object to a timely filed and substantially compliant certificate, his confrontation objection will be forfeited. This does not diminish the defendant's right of confrontation in the slightest.[46]

---

[43] *Contra* Dissenting Opinion at 4 (arguing that "nobody other than the testing analyst could provide a description of the tests used or the reliability thereof").

[44] TEX. CODE CRIM. PROC. art. 38.41, § 4.

[45] *See Melendez-Diaz*, 557 U.S. at 310–11.

[46] *See id.* at 326–27.

**C. The certificate in this case survives Williams's challenge.**

Williams's specific contention is that the certificate of analysis in this case does not substantially comply with Article 38.41 because it fails to establish that the affiant, Dr. Adams, was the analyst who tested his blood. As we have just demonstrated, there is no requirement in the statute, express or otherwise, that the affiant be the analyst who tested the physical evidence. That is essentially a matter of form, discretionary with the offering party, not a matter of substance. The only way a certificate of analysis will fail to substantially comply with Article 38.41 is if it omits information that Section 3 says a certificate "must contain."[47]

The dissenting opinion misunderstands our holding. We do not hold that it is permissible for an affidavit to describe facts about "any person capable of analyzing" and omit facts pertinent to "the analyst" herself.[48] We do not hold that "anyone else's background and abilities" may be listed in lieu of the analyst's background, training, and experience.[49] We do not hold that the affidavit can list the duties of a non-analyst in lieu of the analyst's duties and still "substantially" comply with Article 38.41.[50] We acknowledge

---

[47] *See* TEX. CODE CRIM. PROC. art. 38.41, § 3.

[48] Dissenting Opinion at 2.

[49] *Id.* at 3.

[50] *See id.*

that when Section 3 says "the analyst," it means "*the* analyst."[51]  Our holding is simply that,

for Section 5, substantial-compliance purposes, the affiant need not be the same person as

the analyst.  It is still the case that, whoever the affiant is, she must provide information that

is responsive to Section 3—including information pertinent to "the analyst."

To be sure, the State's certificate in this case is missing at least one item of

information that Section 3 plainly requires: "a description of the analyst's educational

background, training, and experience."[52]  Although the certificate provides Dr. Adams's

educational background, training and experience, it does not establish that Dr. Adams was

"the analyst" in this case, *i.e.*, the person who "conducted" the relevant "tests or procedures"

on the physical evidence.[53]  Similarly, although the certificate lists the names of the various

individuals performing tests upon Williams's blood sample, it does not describe the

educational and professional qualifications of those individuals.  That is information that, per

Section 3, a certificate of analysis "must contain."[54]

Had Williams apprised the trial judge that the State's certificate was missing

information that Section 3 says a certificate "must contain," he might well have succeeded

in his argument that this certificate does not substantially comply with Article 38.41.  The

---

[51]  *Id.* at 2 (emphasis in original).

[52]  TEX. CODE CRIM. PROC. art. 38.41, § 3.

[53]  *See id.* § 5.

[54]  *Id.* § 3.

problem is that Williams never once complained that the certificate of analysis in this case lacked one or more of the mandatory Section 3 requirements. We cannot fault the trial judge for overruling Williams's confrontation objection when, in response to the State's counter-argument that it had timely filed a certificate of analysis, Williams's only counter-counter-argument was that the certificate was noncompliant because the affiant was someone other than the analyst. For the reasons explained in this opinion, that response was meritless, and the trial judge rightly rejected it. Neither can we fault the court of appeals for affirming the trial judge when, once again, Williams's only argument on appeal was in the same vein—that the statute requires that the affiant be the analyst. For the very same reasons, that argument lacks merit, and the court of appeals rightly rejected it. Whatever other deficiencies the certificate of analysis in this case suffers from, it does not fail to "substantially compl[y]" with Article 38.41 for the reason that Williams has proposed.

## IV. CONCLUSION

We reiterate that Article 38.41 does not in any way diminish a criminal defendant's core Sixth Amendment right "to confront those who bear testimony against him."[55] The defendant can always defeat an Article 38.41 proffer—by asserting his Sixth-Amendment right of confrontation, in writing, "not later than the 10th day before the trial begins."[56] If he acts within this time frame, there is no need for him to explain to the trial judge how or

---

[55] *See Melendez-Diaz*, 557 U.S. at 309 (quoting *Crawford*, 541 U.S. at 51) (internal quotation marks omitted).

[56] *See* TEX. CODE CRIM. PROC. art. 38.41, § 4.

why he thinks the certificate fails to comply with Article 38.41;[57] his constitutional right of confrontation simply trumps the statute. But if he tries to act outside this time frame, all bets are off.[58]

We affirm the court of appeals' judgment.

Delivered: October 9, 2019

Publish

---

[57] *See id.* § 5.

[58] *See supra* Part III-A.