Jimmy Don CAIN, Appellant,

v.

The STATE of Texas, State.

Nos. 2–94–044–CR, 2–94–045–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 11, 1995.

Rehearing Overruled Jan. 31, 1995.

Discretionary Review Granted
May 17, 1995.

Alley & Pounds, Fort Worth, for appellant.

Amy Ayers Adams, Dist. Atty., and Donald E. Schnebley, and David W. Vernon, Assistants, Weatherford, for appellee.

Before LATTIMORE, DAY and WEAVER, JJ.

## OPINION

DAY, Justice.

Jimmy Don Cain appeals his two convictions for aggravated robbery with a deadly weapon. TEX.PENAL CODE ANN. § 29.03 (Vernon 1994). Cain pled guilty, and a jury assessed punishment at life confinement for both aggravated robberies with the sentences to run concurrently.

We affirm the trial court's judgment.

In points of error one and two, Cain asserts the trial court erred in: (1) granting the State's challenge for cause against venireman Dunn, and (2) refusing to grant Cain another peremptory challenge after erroneously granting the State's challenge for cause. In points of error three and four, Cain asserts the trial court erred in overruling two of his objections to the prosecutor's allegedly improper jury argument. Finally, in point of error five, Cain argues the trial court erred in failing to admonish him upon his guilty plea as required by TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(4) (Vernon 1989).

On July 27, 1993, Cain robbed the Bank of America and the Winn Dixie grocery store in Weatherford, Texas. Shortly afterwards, the police found the vehicle driven by Cain. The police then searched the area and found Cain lying on the ground with a bag of money. The serial numbers on some of the money in the bag matched that of the Bank of America's "bait money." [1] The police arrested Cain. At trial, Cain pled guilty to both aggravated robberies.

In points of error one and two, Cain asserts the trial court erred by: (1) granting the prosecutor's challenge for cause against venireman Dunn, and (2) refusing to grant an additional preemptory challenge after erro-

---

1. "Bait money" is money that the serial numbers have been recorded and each bill photographed in case a robbery occurs. Here, the teller at the Bank of America gave $100 in bait money to Cain during the robbery.

neously granting the prosecutor's challenge for cause. To support his points of error, Cain claims that both his objection to the trial court granting the prosecutor's challenge for cause against venireman Dunn and/or his motion for a new trial based on the trial court erroneously granting the prosecutor's challenge for cause preserved error for this appeal.

■ In order to preserve error on appeal when a trial court grants a challenge for cause, opposing counsel must make an objection at trial, and the objection must be made in a timely manner. *Fuller v. State*, 827 S.W.2d 919, 924–25 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993); Tex.R.App.P. 52(a). In *Fuller*, the trial court excused a juror for cause and opposing counsel made no objection at the time the court excused the juror. *Id.* at 924. Counsel then called the next juror and questioning began. *Id.* Only after returning from lunch did opposing counsel object to the trial court granting the challenge for cause against the previous juror. *Id.* The Court of Criminal Appeals held that an objection made after the court excuses a juror for cause and after the next juror has begun to be questioned is not timely and does not preserve the issue for review. *Id.* at 925 & n. 5 (citing *Barefield v. State*, 784 S.W.2d 38, 41 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990)).

■ Here, the following occurred: (1) the State challenged venireman Dunn for cause; (2) Cain's counsel stated that he had no response to the challenge; and (3) the court granted the prosecutor's challenge for cause.[2] Cain's attorney then proceeded with his voir dire. It was *not until after the jury was selected and seated in the jury box* that Cain's counsel objected to the trial court granting the prosecutor's challenge for cause against venireman Dunn.

Cain, however, asserts that because he moved for new trial based on the trial court granting the prosecutor's challenge for cause against venireman Dunn, and the prosecutor

failed to respond to the motion for new trial, then Cain preserved the error. To support this proposition, Cain only cites Tex.R.App.P. 52(a). Rule 52(a), however, supports the State's position that Cain failed to preserve error by not timely objecting to the trial court granting the prosecutor's challenge for cause against venireman Dunn. Therefore, based on *Fuller*, we find that Cain failed to preserve error by failing to timely object to the trial court granting the prosecutor's challenge for cause against venireman Dunn. We overrule point of error one.

Because Cain waived any error relating to the trial court granting the challenge for cause against venireman Dunn, then no basis exists for Cain to challenge the trial court's denial of his motion for additional peremptory challenges. Thus, point of error two is moot, and we decline to address it.

In points of error three and four, Cain asserts the trial court erred in overruling his two objections to the prosecutor's allegedly improper jury argument. The two objections occurred during the following jury argument:

[PROSECUTOR]: Thank you, Your Honor. And the fact that he's had probation and penitentiary time before did not deter him from committing these crimes. And the fact that he's been to a private facility did not stop him from committing these crimes. And folks, when family, friends, and the criminal justice system and private facility cannot stop a person from committing violent crimes, then it's time to take that person off the street for as long as possible. It's time to protect innocent people from him for as long as possible.

Fortunately Rhonda Glenn didn't panic and try to grab this gun when he had his finger on the trigger, or fortunately Calvin Brown wasn't an arms length closer where he could have struggled with the defendant over this gun, or we could have had some children going through this life—

[DEFENSE COUNSEL]: Your Honor, I'm going to object. That's outside the record and speculation.

---

2. The court allowed venireman Dunn to remain seated although it told both parties that it was

marking an "X" by his name to mean that he was excused for cause.

[PROSECUTOR]: Judge, I believe that's a reasonable deduction from the evidence.

[DEFENSE COUNSEL]: Your Honor, that is pure conjecture, and it's not based on any facts in evidence.

THE COURT: Counsel, I'm not sure that I know precisely which part you are objecting to. The objection is overruled.

[PROSECUTOR]: Folks, it's a reasonable deduction from the evidence that if she would have tried to take that gun from him when he had his finger on the trigger, she possibly could have been killed.

[DEFENSE COUNSEL]: Your Honor, that is what I'm objecting to. Again, it's outside the record. There is absolutely no facts in evidence to justify that kind of deduction. It is improper.

THE COURT: I'll respectfully overrule your objection.

■ The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.] 1980). To, be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Gaddis v. State,* 753 S.W.2d 396, 397 (Tex.Crim.App.1988); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984).

■ Here, the evidence showed:

1. Cain carried a sawed-off shotgun into the bank, pointed the gun at Rhonda Glenn, a bank teller, while standing two to three feet away from her, and he never took his finger off the trigger;

2. Cain carried the sawed-off shotgun into the Winn Dixie and pointed it at the cashier's head;

3. Calvin Brown, a co-manager of Winn Dixie, chased Cain when Cain left the Winn Dixie and Brown came within two feet of catching Cain, but Cain escaped in his van;

4. When the police found Cain's shotgun, it was loaded;

5. Four shotgun shells were found in Cain's possession, and more shells were found around where the van and shotgun were abandoned.

Based on these facts, the prosecutor made a reasonable, logical, and proper deduction from the record that if Rhonda Glenn had tried to grab the gun or Calvin Brown had caught Cain and struggled with him, then either one or both might have been injured or killed. *See Porter v. State,* 601 S.W.2d 721, 723 (Tex.Crim.App. [Panel Op.] 1980) (statement that "people can be killed in armed robberies" is a reasonable deduction from the evidence of the use of a firearm); *Gonzales v. State,* 831 S.W.2d 491, 492 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (statement that "what would have been the difference if [appellant] was two steps closer when he slashed" was proper because it was a reasonable deduction from the evidence that more damage would have been done). Therefore, we hold that the complained-of prosecutor's jury argument constituted proper jury argument because it was based on a reasonable deduction from the evidence. We overrule points of error three and four.

■ In point of error five, Cain asserts the trial court erred by failing to admonish him upon his guilty plea as required by TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989).[3] The Court of Criminal Appeals held that a complete failure to give an article 26.13(a)(4) admonishment requires a reversal of the trial court's judgment without a requirement that the defendant show harm. *Morales v. State,* 872 S.W.2d 753, 754–55

---

**3.** Article 26.13(a) requires a trial court to give four admonishments prior to accepting a plea of guilty including:

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged

may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC ANN art. 26.13(a)(4) (Vernon 1989).

(Tex.Crim.App.1994) (en banc) (*citing Ex parte Cervantes,* 762 S.W.2d 577, 578 (Tex. Crim.App.1988) and *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App.1980)). TEX.CODE CRIM.PROC.ANN. art. 26.13(c), however, allows a court to substantially comply with the admonishment requirements of article 26.13. Article 26.13(c) states:

> In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989). The Texas Court of Criminal Appeals, in interpreting article 26.13(c), has held that a court substantially complies with article 26.13 where an *admonishment not given is immaterial to the plea. Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1979); *see also Jamail v. State,* 574 S.W.2d 137 (Tex.Crim.App.1978); *Kidd v. State,* 563 S.W.2d 939 (Tex.Crim.App. 1978). Therefore, we must determine whether substantial compliance could ever occur when a trial court fails to admonish a defendant under article 26.13(a)(4).

■ In *Morales,* no evidence existed in the trial record on whether the defendant was a United States citizen. Based on this, the court of appeals in *Morales* found that where "there is nothing in the record to show whether Appellant is or is not a United States' citizen . . . there is nothing to rebut the presumption of materiality of Article 26.13(a)(4)." *Morales v. State,* 838 S.W.2d 272, 276 (Tex.App.—El Paso 1992), *aff'd,* 872 S.W.2d 753 (Tex.Crim.App.1994). If the record, however, affirmatively shows that a defendant is a United States citizen, then any consequence of a plea by a noncitizen would be absolutely **IMMATERIAL** to the knowing and voluntary nature of the defendant's plea of guilty. Therefore, we hold that the substantial compliance provision of article 26.13(c) can apply when the record affirmatively proves a defendant is a United States citizen, but the trial court fails to admonish

the defendant about the immigration consequences of his guilty plea under article 26.13(a)(4). *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) & (c) (Vernon 1989); *Whitten,* 587 S.W.2d at 158; *Elliott v. State,* 874 S.W.2d 238, 241 n. 2 (Tex.App.—El Paso 1994, no pet.); *Dominguez v. State,* 889 S.W.2d 13 (Tex.App.—El Paso, 1994, no pet. h.).

■ Here, the record indicates that Cain was born in Texas.[4] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. CONST. amend. XIV, § 1. Therefore, the record clearly shows that Cain is a United States citizen.

Because Cain is a United States citizen, then any consequences to a noncitizen are absolutely immaterial to the knowing and voluntary nature of Cain's plea of guilty. Therefore, we hold that because the record affirmatively proved Cain is a United States citizen, and the trial court properly admonished him under article 26.13(a)(1), (2), & (3), but failed to admonish him about the immigration consequences of his guilty plea under article 26.13(a)(4), then the trial court substantially complied with article 26.13. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a) & (c) (Vernon 1989); *Whitten,* 587 S.W.2d at 158; *Elliott,* 874 S.W.2d at 241 n. 2; *Dominguez.*

Because we hold the trial court substantially complied with article 26.13, the burden of proof shifts to Cain to show that he was not aware of the consequence of his plea and that he was misled or harmed by the trial court's admonishment. TEX.CODE CRIM.PROC. ANN. art. 26.13(c) (Vernon 1989). Cain failed to prove or argue this. Therefore, we overrule point of error five.

We affirm the trial court's judgment.

WEAVER, J., not participating.

---

4. A record from the Texas Department of Corrections in the State's exhibit # 1 states that Cain's birthplace was Parker County, Texas, and Cain's nationality is American.