TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00347-CR







Ramon Perez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0941105, HONORABLE LARRY FULLER, JUDGE PRESIDING








 Appellant entered a plea of guilty before a jury to the offenses of aggravated sexual
assault of a child (Count I), Tex. Penal Code Ann. § 22.021(a)(1)(B) (West 1989), and indecency
with a child by contact (Count II), Tex. Penal Code Ann. § 21.11(a)(1) (West 1980). The jury
assessed punishments of forty years and twenty years respectively. Appellant's two points of
error concern the alleged failure of the trial court to admonish appellant pursuant to article 26.13
of the Texas Code of Criminal Procedure prior to accepting his guilty plea. We will sustain
appellant's points of error, reverse the judgment of conviction and remand the cause to the trial
court.

 No plea bargain agreement was reached in the instant cause. Nor did the trial court
admonish appellant in writing. Consequently, the pertinent portions of article 26.13 provide:



(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:


 (1)  the range of punishment attached to the offense;


* * * * *



 (4)  the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may
result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law.


(b) No plea of guilty or plea of nolo contendere shall be accepted by the court
unless it appears that the defendant is mentally competent and the plea is free and
voluntary.


(c)  In admonishing the defendant as herein provided, substantial compliance by the
court is sufficient, unless the defendant affirmatively shows that he was not aware
of the consequences of his plea and that he was misled or harmed by the
admonishment of the court.



Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989).

 Following announcements of ready, appellant, his counsel, and the prosecutors
conferred with the trial court out of the presence of the jury. Appellant advised the trial court that
he wanted to enter a plea of guilty to both counts and have a jury decide his punishment. No
article 26.13 admonishments were given at this conference.

 After the jury had been selected, defense counsel voir dired appellant relative to
his entering a plea of guilty. Appellant answered in the affirmative to his counsel's question about
discussions they had about different strategies that might be taken at trial and the fact that they had
concluded that it would be better for appellant to enter a plea of guilty to the indictment. In
response to defense counsel's questions, appellant acknowledged that he was comfortable with the
reasons for entering the guilty plea; that he understood the penalty range for the first degree
felony, aggravated sexual assault of a child, was confinement from five to ninety-nine years or
life; and that the penalty for the second degree felony, indecency with a child by contact, was
confinement from two to twenty years. At this point, the trial court asked appellant if he
understood that the only way he could receive probation was if the jury assessed penalties of ten
years or less.

 After appellant stated that he understood the law concerning probation, the jury was
returned to the courtroom and sworn. The indictment was read, appellant entered a plea of guilty
and testimony began. Before accepting his plea, the trial court did not admonish appellant relative
to the provisions of article 26.13 on the range of punishment for the offenses. Nor did the trial
court admonish him that if he were not a citizen of the United States, a plea of guilty might result
in deportation, the exclusion from admission to this country, or the denial of naturalization under
federal law. Appellant asserts that he did not enter a knowing and voluntary plea of guilty
because of the trial court's failure to give the foregoing admonishments. While other issues are
raised in appellant's two points of error, we find that the foregoing alleged failures of the trial
court constitute the pivotal questions for us to resolve.

 The State points to the fact that defense counsel's questions were directed to
appellant in the presence of the trial court. In response to defense counsel's questions, appellant
stated that he understood the range of punishment for both offenses and that he was comfortable
with the reasons for entering a plea of guilty. The State also notes that the trial court questioned
him about the fact that he was not eligible for probation unless the jury assessed punishment of
ten years or less; and that the trial court asked him if he understood each and every allegation of
the indictment after it was read. With respect to appellant's contention that the trial court did not
admonish him about the immigration consequences of his guilty plea, the State points to defense
counsel's statement during voir dire examination of the jury panel that appellant was born in
Laredo, Texas.

 Whitten v. State, 587 S.W.2d 156, 157 (Tex. Crim. App. 1979), held the following
with regard to the necessity of the trial court to admonish an accused as to the range of
punishment:



 The statute provides that it is the trial court which must admonish the
accused of the range of punishment attached to the offense. The statute is
mandatory; it does not allow the defense attorney, or the prosecutor, or the clerk
of the court, or anyone but the judge himself, to admonish the accused of the range
of punishment.



(citations omitted) (emphasis in original).

 In Whitten, on motion for rehearing, the court rejected the State's contention that
the prosecutor explained the punishment range to the jury during voir dire examination, stating: 
"For a question of such significance, we refuse to create a presumption that defendants listen to,
acknowledge, and understand what a prosecutor, or even the court, chooses to say to the jury." 
Id. at 159. The court also noted that when the trial court does not participate in the admonishment
and the admonishment was not directed to the defendant, there can be no substantial compliance
with the provisions of article 26.13. The State calls our attention to the trial court's participation
in the admonishment on the range of punishment in the instant cause and the fact that defense
counsel directed his statement about the range of punishment to appellant.

 In Taylor v. State, 591 S.W.2d 826 (Tex. Crim. App. 1980) (on motion for reh'g),
the trial court admonished the defendant that the penalty range for the offense was five years to
life. The prosecutor interjected that if the defendant were found to be the same person alleged to
have two prior convictions after he was found guilty of the primary offense, "it would be
automatic life." The trial court asked the defendant if he "understood all about that, and you still
want to plead guilty"? The defendant answered in the affirmative and the trial court stated it
would accept his plea. Id. at 837. The court stated that the admonishment was not to be
condoned, but that there was substantial compliance with the statute, stating:



Substantial compliance will also be found where a required admonishment is given,
but is given in a different form than that prescribed by the statute yet which
effectively satisfied the statutory requirements. [citations omitted.] . . . [T]here are
two essential elements in these tolerated admonishments that are present in every
case. First, the trial court gives the admonishment and second, it is given directly
to the defendant.


In Art. 26.13, the legislature mandated that the trial court be responsible for giving
the admonishment . . . . The trial court, not the prosecutor, must satisfy itself as
to the propriety of guilty pleas and defendants should properly look to the trial
court, not the prosecutor, for admonishments on the law. The necessary
participation of the trial court is a consistent requirement.


The defendant must also be the object of the admonishment. To comply with both
Texas law and federal due process, the defendant must hear and understand the
admonishments.



Id. at 830 (emphasis added).

 In Goodie v. State, 735 S.W.2d 871 (Tex. App.--Houston [14th Dist.] 1987), cited
by the State, the trial court questioned the defendant about whether he understood the hazards
attendant to the trial court granting his request for deferred adjudication. The court notes that at
this point that "the admonishments were read by the prosecutor for the convenience of the trial
court after all parties consented." The court held that the trial court did not err in failing to grant
the defendant's subsequent request to withdraw his plea of guilty, stating that while the
admonishment was not to be condoned, the admonishments were directed to the defendant and the
trial court adopted them, and participated in the admonishment. Id. at 38. The Court of Criminal
Appeals denied review with the following disclaimer:



Our refusal to grant the petition for discretionary review should not be construed
as approval of a practice of having someone other than the trial judge deliver the
admonishments to a defendant. Article 26.13(a). V.A.C.C.P., states in pertinent
part: "Prior to accepting a plea of guilty or nolo contendere, the court shall
admonish the defendant . . . . 


With this disclaimer, we refuse appellant's petition for discretionary review.



745 S.W.2d 379 (Tex. Crim. App. 1988) (citations omitted) (emphasis in original). In light of
the disclaimer by the Court of Criminal Appeals, we do not find Goodie to be persuasive
authority.

 In Hughes v. State, 833 S.W.2d 137 (Tex. Crim. App. 1992), the court considered
when "substantial compliance" with Article 26.13 would be applicable, stating: "[S]ubstantial
compliance will only be found where a trial court has undertaken to admonish the defendant, the
sentence given was within the range prescribed by law, and the defendant has failed to
affirmatively show harm. Conversely, it will not be found where a trial court wholly fails to
admonish the defendant on punishment." Id.


 With respect to the trial court's failure to admonish appellant relative to the
consequences of a guilty plea if he were not a citizen of the United States, the State cites Cain v.
State, 893 S.W.2d 681 (Tex. App.--Fort Worth 1995, pet. granted). In Cain, a record from the
Texas Department of Corrections (in evidence) showed that the defendant was born in Parker
County, Texas. Id. at 685, n.4. Although the trial court failed to admonish appellant as to the
consequences of a plea of guilty if he were not a citizen of the United States, the court reasoned
that since the record affirmatively proved that his birth in the United States made him a citizen
of this country under the United States Constitution (U.S. Const. amend. XIV), the burden shifted
to the defendant to show that he was harmed. Id. at 685. In the instant cause, the State urges that
defense counsel's statement during voir dire of the jury panel that appellant was born in Laredo,
Texas, shifted the burden to appellant to show harm.

 Morales v. State, 872 S.W.2d 753 (Tex. Crim. App. 1994), held that the complete
failure of the trial court to admonish a defendant about the consequences of a plea of guilty by one
who is not a citizen of this country constituted reversible error without the necessity of the
defendant affirmatively showing harm. Id. at 755. The court stated that the trial court's failure
to give this admonishment was indistinguishable from a trial court's failure to admonish a
defendant on the range of punishment. A concurring opinion in Morales made the following
observation about the mandatory requirement of the statute:



If the Legislature had written that such an admonishment was to be given only to
citizens of other countries, our own docket might soon be crowded with cases
contesting the factual determination that certain persons needed no admonishment
because they were not citizens of the United States. Under such conditions, it
would soon become apparent that giving the admonishment in all cases is much the
better solution. Perhaps the Legislature thought so too, and had enough foresight
to avoid the whole difficulty in advance by making admonishment mandatory in
every case without regard to the defendant's citizenship. We should be mindful of
this when construing the statute, and eschew any interpretation of it which holds
for naught the obvious effect of its unambiguous language, which might very well
have been chosen precisely because it has the advantage suggested here when read
according to ordinary rules of English grammar.



Id. (Meyers, J., concurring). 

 In the instant cause, there was a complete failure on the part of the trial court to
admonish appellant on the range of punishment. Nor did the trial court admonish appellant
relative to a person who is not a citizen of this country entering a plea of guilty. While opinions
on Article 26.13 admonishments lack a degree of consistency, the latest pronouncement of the
Court of Criminal Appeals in Morales appears to make it clear that it is the duty of the trial court
to admonish an accused on the range of punishment and the consequences of a plea by a person
who is not a citizen of this country. Moreover, Morales places no burden on an accused to show
harm when such failures occur.

 To permit counsel rather than the trial court to give the admonishments in question
would effectively relieve the trial court of duties mandated by the Legislature. While the vast
majority of those who stand charged with offenses have no legal training, they most certainly look
to the trial judge as the final arbiter of the law governing their fate. We will not presume that an
accused listens to or understands the significance of what counsel may say in voir dire of the jury
panel. See Whitten, 587 S.W.2d at 159. We cannot accept that these requirements represent
much of a burden on the trial level of the judiciary. See Morales, 872 S.W.2d at 756 (Meyers,
J., concurring). Appellant's two points of error are sustained.


 The judgment of conviction is reversed and the cause remanded.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Reversed and Remanded

Filed: May 29, 1996

Do Not Publish












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



w harm.

 Morales v. State, 872 S.W.2d 753 (Tex. Crim. App. 1994), held that the complete
failure of the trial court to admonish a defendant about the consequences of a plea of guilty by one
who is not a citizen of this country constituted reversible error without the necessity of the
defendant affirmatively showing harm. Id. at 755. The court stated that the trial court's failure
to give this admonishment was indistinguishable from a trial court's failure to admonish a
defendant on the range of punishment. A concurring opinion in Morales made the following
observation about the mandatory requirement of the statute:



If the Legislature had written that such an admonishment was to be given only to
citizens of other countries, our own docket might soon be crowded with cases
contesting the factual determination that certain persons needed no admonishment
because they were not citizens of the United States. Under such conditions, it
would soon become apparent that giving the admonishment in all cases is much the
better solution. Perhaps the Legislature thought so too, and had enough foresight
to avoid the whole difficulty in advance by making admonishment mandatory in
every case without regard to the defendant's citizenship. We should be mindful of
this when construing the statute, and eschew any interpretation of it which holds
for naught the obvious effect of its unambiguous language, which might very well
have been chosen precisely because it has the advantage suggested here when read
according to ordinary rules of English grammar.



Id. (Meyers, J., concurring). 

 In the instant cause, there was a complete failure on the part of the trial court to
admonish appellant on the range of punishment. Nor did the trial court admonish appellant
relative to a person who is not a citizen of this country entering a plea of guilty. While opinions
on Article 26.13 admonishments lack a degree of consistency, the latest pronouncement of the
Court of Criminal Appeals in Morales appears to make it clear that it is the duty of the trial court
to admonish an accused on the range of punishment and the consequences of a plea by a person
who is not a citizen of this country. Moreover, Morales places no burden on an accused to show
harm when such failures occur.

 To permit counsel rather than the trial court to give the admonishments in question
would effectively relieve the trial court of duties mandated by the Legislature. While the vast
majority of those who stand charged with offenses have no legal training, they most certainly look
to the trial judge as the final arbiter of the law governing their fate. We will not presume that an
accused listens to or understands the significance of what counsel may say in voir dire of the jury
panel. See Whitten, 587 S.W.2d at 159. We cannot accept that these requirements represent
much of a burden on the trial level of the judiciary. See Morales, 872 S.W.2d at 756 (Meyers,
J., concurring). Appellant's two points of error are sustained.


 The judgment of conviction is reversed and the cause remanded.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Reversed and Remanded

Filed: May 29, 1996

Do Not Publish












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See