COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-08-173-CR
NO. 2-08-174-CR
NO. 2-08-175-CR
NO. 2-08-176-CR
NO. 2-08-177-CR

BRUCE ALAN WEST                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

-----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

### I. INTRODUCTION

In two points, appellant Bruce Alan West argues that the trial court erred

by failing to admonish him of the consequences of his guilty pleas as required

by article 26.13(a) of the Texas Code of Criminal Procedure and by specifically

---

[1] *See* Tex. R. App. P. 47.4.

failing to admonish him that a guilty plea may result in his deportation.  West also argues in his first point that the failure to adequately admonish him rendered his pleas involuntary.  We will affirm.

## II. PROCEDURAL BACKGROUND

West was indicted in five cases for delivery of one to four grams of cocaine. In due course, West entered an open plea of guilt in each case and also pleaded true to the enhancement allegations:

> The Court: Call Cause Nos. 1083015, 1083018, 1083020, 1083021, and 1083024, all styled State of Texas vs. Bruce Alan West. Mr. West, I am going to need to ask you some questions. If you will raise your right hand.
>
> The Court: Okay. You can put your hand down. Go ahead and turn around. We are going to talk for a minute. Are you Bruce Alan West?
>
> The Defendant: Yes, sir.
>
> The Court: Mr. West, you are charged in this court with three felony offenses. The charges are possession –
>
> [Defense Attorney]: Your Honor, there –
>
> The Court: Did I say three?
>
> [Defense Attorney]: – are five.
>
> The Court: I meant five. Actually, you're charged with more, but we are considering five of them today. They are all possession of – possession with intent to deliver, I think. Possession with intent to deliver a controlled substance, namely cocaine over one gram but less than four grams.
>
> [Defense Attorney]: Your Honor, if it please[s] the Court, actually they are delivery, intentionally or knowingly delivering a controlled substance by actually transferring the controlled substance.

3

The Court: Okay.  They are.

[Prosecutor]: That's correct, Your Honor.

The Court: Okay.  Mr. West, you're charged with delivery of a controlled substance.  You understand the punishment range for this offense – what is this, a second enhanced to a first?

[Defense Attorney]: They are second degrees enhanced to first degrees.

The Court: The punishment range as they are right now is two years to 20 years in prison, plus a fine of up to $10,000 in each case.  Do you understand that?

The Defendant: Yeah.

The Court: But there is a Repeat Offender Notice that if proven would raise the punishment range to a first degree felony, which is five years to 99 years or life, plus you could be fined up to $10,000.  You understand that?

The Defendant: Yes sir.

The Court: I understand you intend to plead guilty and that we're going to pick a jury to assess punishment in these five cases. Is that your understanding?

The Defendant: Yes, sir.

The Court: Have you read the indictments in these cases? Has your attorney talked to you about those?

The Defendant: Yes, sir.

The Court: As far as this right now goes, you're going to plead guilty in front of the jury.  But as far as right now you waive formal reading of the indictments in each of these cases?

The Defendant: Sir?

The Court: Do you waive formal reading of the indictments in each of these cases?

[Defense Attorney]: What he means is that if you waive the formal reading, then they don't have to read the entire thing in each case right now. You know what you're charged with, right?

The Defendant: Yes, sir.

[Defense Attorney]: So I suggest that you waive a formal reading of the indictments.

The Court: Okay. You do. This will be read in front of the jury, Mr. West. But as far as right now I will ask the attorney, is the Defendant incompetent?

[Defense Attorney]: No, Your Honor.

The Court: Court will find the Defendant competent to stand trial. Mr. West, I need to get your plea in each of these cases. I guess I will go by them – the reason we're doing this, then we'll get the jury in here to voir dire them. But your plea will already be of record. In Cause No. 1083015, how do you plead to the felony offense of delivery of a controlled substance, guilty or not guilty?

The Defendant: Guilty.

The Court: In Cause Number 1083018, how do you plead to the felony offense of delivery of a controlled substance, guilty or not guilty?

The Defendant: Guilty.

The Court: In Cause Number 1083020, how do you plead to the felony offense of delivery of a controlled substance?

The Defendant: Guilty.

5

The Court: In Cause Number 1083021, how do you plead to the felony offense of delivery of a controlled substance?

The Defendant: Guilty.

The Court: In Cause Number 1083024, how do you plead to the felony offense of delivery of a controlled substance?

The Defendant: Guilty.

The Court: Okay. Your pleas are entered of record. And we'll get the jury in and seat them. And I will advise them that the plea has already been done. They are considering punishment only.

[Defense Attorney]: Yes, Your Honor. And there is the Repeat Offender Notice on each of these cases. They are all identical, alleging that prior to this case that he was finally convicted of delivery of a controlled substance in Criminal District Court Four of Dallas County, Cause Number F0532451K on April 5th of 2005.

The Court: You want him to go ahead and plead to that?

[Defense Attorney]: Yes, Your Honor.

The Court: You've heard the allegation regarding the Repeat Offender Notice. How do you plead to that? Is that true or not true?

The Defendant: True.

The Court: Okay. That's alleged in each case. So I assume your answer would be true in each case?

The Defendant: I believe so.

The Court: Okay. Anything further before we seat the jury?

6

[Defense Attorney]: No, Your Honor.

[Prosecutor]: Not from the State.

The trial court instructed the jury that West had pleaded guilty in all five cases and had pleaded true to the repeat offender notices.  The jury assessed West's punishment at twenty-five years' imprisonment in each case.  The trial court sentenced West accordingly, ordering that the sentences run concurrently.

### III. ADMONISHMENTS AND VOLUNTARINESS OF GUILTY PLEAS

Article 26.13(a) of the code of criminal procedure sets out certain admonishments to be given to a defendant prior to the trial court's acceptance of a "guilty" plea.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 2009).  Article 26.13(a) provides that prior to accepting a guilty plea, the trial court shall admonish the defendant regarding:  (1) the range of punishment, (2) the potential effects of a plea bargain agreement, including the non-binding character of prosecutorial recommendations, (3) the possibility of deportation, (4) the requirement to register with the State as a sex offender, if applicable, and (5) the prohibition on firearm possession if the defendant is convicted of a misdemeanor involving family violence.  *Id.*  With regard to the deportation admonishment, the trial court must admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty

7

or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." *Id.* art. 26.13(a)(4). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c).

The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Aguirre-Mata v. State*, 992 S.W.2d 495, 498–99 (Tex. Crim. App. 1999). Thus, a trial court commits nonconstitutional error when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.*; *Carrenza v. State*, 980 S.W.2d 653, 655–56 (Tex. Crim. App. 1998).

With nonconstitutional error, we apply rule 44.2(b) and disregard the error if it did not affect West's substantial rights. *See* Tex. R. App. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref'd). In making this determination, we review the record as a whole. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Accordingly, in applying rule 44.2(b) to the

8

failure to give an admonition we must determine, by considering the record as a whole, whether we have a fair assurance that the defendant's decision to plead guilty would not have changed had the trial court properly admonished him. *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

## A. Deportation Admonishment

In his second point, West argues that the trial court erred by failing to properly admonish him on the possibility of his deportation as required under article 26.13(a)(4). The State concedes that the trial court erred by failing to admonish West on the deportation consequences of his pleas, but it argues that this error was harmless because West is a United States citizen.

The failure to admonish West of possible deportation consequences of his guilty pleas was harmless if West is a United States citizen because the threat of deportation could not have influenced his decision to plead guilty. *See VanNortrick v. State*, 227 S.W.3d 706, 709, 713 (Tex. Crim. App. 2007). Although we cannot merely assume that West is or is not a citizen, we are authorized to make reasonable inferences from facts in the record. *See Fakeye v .State*, 227 S.W.3d 714, 716–17 (Tex. Crim. App. 2007); *VanNortrick*, 227 S.W.3d at 710–11.

The penitentiary packets introduced into evidence detail West's prior convictions. They penitentiary packets provide that West was born in Texas

9

and is a United States citizen. Thus, the evidence affirmatively shows that West is a native-born citizen of the United States. *See, e.g.*, *Cain v. State*, 893 S.W.2d 681, 685 & n.4 (Tex. App.—Fort Worth 1995) (holding that trial court's failure to admonish on possibility of deportation was harmless because appellant's record from the Texas Department of Corrections identified his birthplace as Parker County, Texas), *aff'd*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *Foster v. State*, 817 S.W.2d 390, 392 (Tex. App.—Beaumont 1991, no pet.) (holding that trial court's failure to admonish on deportation was harmless because penitentiary packets of appellant's prior convictions listed appellant's place of birth as Harris County, Texas, and his nationality as "American").

Because the record shows that West was born in Texas and is a United States citizen, the trial court's failure to admonish West on the deportation consequences of his guilty pleas could not have influenced his decision to plead guilty and did not affect his substantial rights. *See VanNortrick*, 227 S.W.3d at 710–13. Consequently, we hold that the trial court's failure to admonish West about the deportation consequences of pleading guilty was harmless error. *See* Tex. R. App. P. 44.2(b); *VanNortrick*, 227 S.W.3d at 709, 713. We overrule West's second point.

## B. Remaining Admonishments

In his first point, West generally contends that the trial court erred by failing to properly admonish him of the consequences of his guilty pleas as set forth in article 26.13(a).

We have already determined that the trial court's failure to admonish West of the deportation consequences of his pleas was harmless error. Further, the trial court committed harmless error by failing to admonish West of those article 26.13 admonishments that were inapplicable to his case—specifically, the potential effects of a plea bargain agreement, the sex offender registration requirement, and the prohibition on firearm possession. *See* Tex. Code Crim. Proc. Ann. art 26.13(a)(2)–(3), (5)–(6); *Anderson*, 182 S.W.3d at 917. Although the trial court did not admonish West of the potential effects of a plea bargain agreement, these were not plea bargained cases and a jury was impaneled to assess his punishment. *See Anderson*, 182 S.W.3d at 917 (noting that admonishment regarding plea bargain was unnecessary when a jury was empaneled to assess the punishment).

Although the trial court did not admonish West of the requirement to register with the state as a sex offender, West was not charged with an offense requiring such registration. *See id.* at 917, 919; *see also* Tex. Code Crim. Proc. Ann. arts. 62.001–.408 (Vernon 2006) (detailing sex offender registration program). Likewise, although the trial court did not admonish West of the

prohibition against firearm possession if convicted of a misdemeanor involving family violence, West was not charged with such an offense. *See Anderson*, 182 S.W.3d at 919; Tex. Fam. Code Ann. § 71.004 (Vernon 2008). Because these admonitions are inapplicable to West's cases, they could not have changed West's decision to plead guilty, and consequently, the trial court's failure to admonish West concerning these inapplicable consequences of his guilty plea was harmless error. *See* Tex. R. App. P. 44.2(b); *Anderson*, 182 S.W.3d at 919.

Regarding the range of punishment admonishment, the record affirmatively demonstrates that West was accurately admonished of the range of punishment for each offense based on his guilty plea and in light of his plea of true to each of the repeat offender notices. *See Fielding v. State*, 266 S.W.3d 627, 636 (Tex. App.—El Paso 2008, pet. ref'd) (holding that appellant was properly informed of the punishment range when appellant responded affirmatively to the court when asked if he understood such range).

As demonstrated above, most of the admonishments set forth in article 26.13 do not apply to the facts of this case. The trial court properly informed West of the one requirement that was applicable to West—the admonishment about the range of punishment. For these reasons, we have a fair assurance that West's decision to plead guilty would not have changed had the trial court

12

properly admonished him. *See Anderson*, 182 S.W.3d at 919. As such, we hold that, in the context of the entire case against West, the trial court's error in failing to admonish him did not affect his substantial rights. *See VanNortrick*, 227 S.W.3d at 710–13. Thus, we disregard the error. *See* Tex. R. App. P. 44.2(b). To the extent that West's first point argues that the trial court erred by failing to properly admonish him in accordance with article 26.13(a), we overrule his first point.

### C. Voluntariness of Guilty Pleas

West's two points on appeal allege only a violation of article 26.13, but he includes an analysis of case law regarding the due process requirement that a guilty plea be entered voluntarily, knowingly, and intelligently. Thus, we interpret his first point to include an argument that his guilty pleas were not voluntary, and we will address this argument in the interest of justice.

The general rule is that a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). A defendant's due process rights are violated if a trial court accepts a defendant's guilty plea without a showing "spread on the record" that the guilty plea was entered intelligently and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1712 (1969).

Due process does not require the equivalent of the article 26.13(a) admonishments. *Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). Although the failure to give a United States citizen the deportation admonishment violates statutory law, it is not a constitutional error and does not render a plea involuntary. *See Jimenez*, 987 S.W.2d at 888–89. Similarly, the failure to give the statutorily required sex offender registration admonishment does not render a guilty plea involuntary. *See Bessey v. State*, 239 S.W.3d 809, 812 n.3 (Tex. Crim. App. 2007) (citing *Anderson*, 182 S.W.3d at 918, and *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)).

Here, the trial court ascertained whether West understood the charges against him, including the repeat offender notices and the range of punishment that could be assessed. West also answered affirmatively that he had read the indictment in each case and discussed it with his attorney. West's attorney also asked whether West understood the charges against him, to which West replied that he did. The trial court read each offense separately, asking how West pleaded to each. Each time, West pleaded "guilty." West also answered "true" when the trial court asked how he pleaded to the repeat offender notices. Finally, the failure to advise West of all of the inapplicable consequences of his pleas, as required under article 26.13 and as set out

14

above, did not render his pleas involuntary. *See Jimenez*, 987 S.W.2d at 888–89; *Bessey*, 239 S.W.3d at 812 n.3; *Anderson*, 182 S.W.3d at 918; *Mitschke*, 129 S.W.3d at 136.

The record clearly shows that West has a full understanding of what his guilty pleas entailed and of their actual consequences. *See Aguirre-Mata*, 125 S.W.3d at 475. Thus, we conclude that West entered his guilty pleas intelligently and voluntarily and that, consequently, his due process rights were not violated. *See Boykin*, 395 U.S. at 241, 89 S. Ct. at 1711–12. We overrule West's first point.

## IV. CONCLUSION

Having overruled West's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2009

15