COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-173-CR

NO. 2-08-174-CR

NO. 2-08-175-CR

NO. 2-08-176-CR

NO. 2-08-177-CR

 

 

BRUCE ALAN WEST                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------

I.
Introduction








In two points, appellant Bruce Alan West argues
that the trial court erred by failing to admonish him of the consequences of
his guilty pleas as required by article 26.13(a) of the Texas Code of Criminal
Procedure and by specifically failing to admonish him that a guilty plea may
result in his deportation.  West also
argues in his first point that the failure to adequately admonish him rendered
his pleas involuntary.  We will affirm.








II. Procedural
Background

West was indicted in five cases for delivery of
one to four grams of cocaine.  In due
course, West entered an open plea of guilt in each case and also pleaded true
to the enhancement allegations:

The Court: Call Cause Nos. 1083015, 1083018, 1083020, 1083021, and
1083024, all styled State of Texas vs. Bruce Alan West.  Mr. West, I am going to need to ask you some
questions.  If you will raise your right
hand.

 

The Court: Okay.  You can put
your hand down.  Go ahead and turn
around.  We are going to talk for a
minute.  Are you Bruce Alan West?

 

The Defendant: Yes, sir.

 

The Court: Mr. West, you are charged in this court with three felony
offenses.  The charges are possession B

 

[Defense
Attorney]: Your Honor, there B

 

The Court: Did I say three?

 

[Defense Attorney]: B are five.

 

The Court: I meant five. 
Actually, you=re charged with more, but
we are considering five of them today. 
They are all possession of B possession with intent to deliver, I think.  Possession with intent to deliver a
controlled substance, namely cocaine over one gram but less than four grams.

 

[Defense Attorney]: Your Honor, if it please[s] the Court, actually
they are delivery, intentionally or knowingly delivering a controlled substance
by actually transferring the controlled substance.

 








The Court: Okay.  They are.

 

[Prosecutor]: That=s correct, Your Honor.

 

The Court: Okay.  Mr. West, you=re charged with delivery
of a controlled substance.  You
understand the punishment range for this offense B what is this, a second
enhanced to a first?

 

[Defense Attorney]: They are second degrees enhanced to first degrees.

 

The Court: The punishment range as they are right now is two years to
20 years in prison, plus a fine of up to $10,000 in each case.  Do you understand that?

 

The Defendant: Yeah.

 

The Court: But there is a Repeat Offender Notice that if proven would
raise the punishment range to a first degree felony, which is five years to 99
years or life, plus you could be fined up to $10,000.  You understand that?

 

The Defendant: Yes sir.

 

The Court: I understand you intend to plead guilty and that we=re going to pick a jury
to assess punishment in these five cases. 
Is that your understanding?

 

The Defendant: Yes, sir.

 

The Court: Have you read the indictments in these cases?  Has your attorney talked to you about those?

 

The Defendant: Yes, sir.

 

The Court: As far as this right now goes, you=re going to plead guilty
in front of the jury.  But as far as
right now you waive formal reading of the indictments in each of these cases?

 








The Defendant: Sir?

 

The Court: Do you waive formal reading of the indictments in each of
these cases?

 

[Defense Attorney]: What he means is that if you waive the formal
reading, then they don=t have to read the entire
thing in each case right now.  You know
what you=re charged with, right?

 

The Defendant: Yes, sir.

 

[Defense Attorney]: So I suggest that you waive a formal reading of
the indictments.

 

The Court: Okay.  You do.  This will be read in front of the jury, Mr.
West.  But as far as right now I will ask
the attorney, is the Defendant incompetent?

 

[Defense Attorney]: No, Your Honor.

 

The Court: Court will find the Defendant competent to stand
trial.  Mr. West, I need to get your plea
in each of these cases.  I guess I will
go by them B the reason we=re doing this, then we=ll get the jury in here
to voir dire them.  But your plea will
already be of record.  In Cause No.
1083015, how do you plead to the felony offense of delivery of a controlled
substance, guilty or not guilty?

 

The Defendant: Guilty.

 

The Court: In Cause Number 1083018, how do you plead to the felony
offense of delivery of a controlled substance, guilty or not guilty?

 

The Defendant: Guilty.

 

The Court: In Cause Number 1083020, how do you plead to the felony
offense of delivery of a controlled substance?

 

The Defendant: Guilty.








 

The Court: In Cause Number 1083021, how do you plead to the felony
offense of delivery of a controlled substance?

 

The Defendant: Guilty.

 

The Court: In Cause Number 1083024, how do you plead to the felony
offense of delivery of a controlled substance?

 

The Defendant: Guilty.

 

The Court: Okay.  Your pleas are
entered of record.  And we=ll get the jury in and
seat them.  And I will advise them that
the plea has already been done.  They are
considering punishment only.

 

[Defense Attorney]: Yes, Your Honor. 
And there is the Repeat Offender Notice on each of these cases.  They are all identical, alleging that prior
to this case that he was finally convicted of delivery of a controlled
substance in Criminal District Court Four of Dallas County, Cause Number F0532451K
on April 5th of 2005.

 

The Court: You want him to go ahead and plead to that?

 

[Defense Attorney]: Yes, Your Honor.

 

The Court: You=ve heard the allegation
regarding the Repeat Offender Notice. 
How do you plead to that?  Is that
true or not true?

 

The Defendant: True.

 

The Court: Okay.  That=s alleged in each
case.  So I assume your answer would be
true in each case?

 

The Defendant: I believe so.

 

The Court: Okay.  Anything
further before we seat the jury?

 








[Defense Attorney]: No, Your Honor.

 

[Prosecutor]: Not from the State.

 

The trial court instructed the jury that West had
pleaded guilty in all five cases and had pleaded true to the repeat offender
notices.  The jury assessed West=s
punishment at twenty-five years=
imprisonment in each case.  The trial
court sentenced West accordingly, ordering that the sentences run concurrently.


III. Admonishments and Voluntariness of Guilty Pleas








Article 26.13(a) of the code of criminal
procedure sets out certain admonishments to be given to a defendant prior to
the trial court=s acceptance of a Aguilty@ plea.  See Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon 2009).  Article 26.13(a)
provides that prior to accepting a guilty plea, the trial court shall admonish
the defendant regarding:  (1) the range
of punishment, (2) the potential effects of a plea bargain agreement, including
the non‑binding character of prosecutorial recommendations, (3) the
possibility of deportation, (4) the requirement to register with the State as a
sex offender, if applicable, and (5) the prohibition on firearm possession if
the defendant is convicted of a misdemeanor involving family violence.  Id. 
With regard to the deportation admonishment, the trial court must
admonish the defendant of Athe fact
that if the defendant is not a citizen of the United States of America, a plea
of guilty or nolo contendere for the offense charged may result in deportation,
the exclusion from admission to this country, or the denial of naturalization
under federal law.@ 
Id. art. 26.13(a)(4).  In
admonishing the defendant, Asubstantial
compliance by the court is sufficient, unless the defendant affirmatively shows
that he was not aware of the consequences of his plea and that he was misled or
harmed by the admonishment of the court.@  Id. art. 26.13(c).

The admonishments under article 26.13(a) are not
constitutionally required because their purpose and function is to assist the
trial court in making the determination that a guilty plea is knowingly and
voluntarily entered.  Aguirre-Mata v.
State, 992 S.W.2d 495, 498B99 (Tex.
Crim. App. 1999).  Thus, a trial court
commits nonconstitutional error when it fails to admonish a defendant on one of
the statutorily required admonishments.  Id.;
Carrenza v. State, 980 S.W.2d 653, 655B56 (Tex.
Crim. App. 1998).








With nonconstitutional error, we apply rule
44.2(b) and disregard the error if it did not affect West=s
substantial rights. See Tex. R. App. P. 44.2(b); Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); Coggeshall v. State, 961 S.W.2d 639,
642B43 (Tex.
App.CFort
Worth 1998, pet. ref=d).  In making this determination, we review the record
as a whole.  Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002). 
Accordingly, in applying rule 44.2(b) to the failure to give an
admonition we must determine, by considering the record as a whole, whether we
have a fair assurance that the defendant=s
decision to plead guilty would not have changed had the trial court properly
admonished him.  Anderson v. State,
182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

A. 
Deportation Admonishment

In his second point, West argues that the trial
court erred by failing to properly admonish him on the possibility of his
deportation as required under article 26.13(a)(4).  The State concedes that the trial court erred
by failing to admonish West on the deportation consequences of his pleas, but
it argues that this error was harmless because West is a United States citizen.


The failure to admonish West of possible
deportation consequences of his guilty pleas was harmless if West is a United
States citizen because the threat of deportation could not have influenced his
decision to plead guilty.  See
VanNortrick v. State, 227 S.W.3d 706, 709, 713 (Tex. Crim. App. 2007).  Although we cannot merely assume that West is
or is not a citizen, we are authorized to make reasonable inferences from facts
in the record.  See Fakeye v .State,
227 S.W.3d 714, 716B17 (Tex. Crim. App. 2007); VanNortrick,
227 S.W.3d at 710B11.








The penitentiary packets introduced into evidence
detail West=s prior convictions.  They penitentiary packets provide that West
was born in Texas and is a United States citizen.  Thus, the evidence affirmatively shows that
West is a native-born citizen of the United States.  See, e.g., Cain v. State, 893
S.W.2d 681, 685 & n.4 (Tex. App.CFort
Worth 1995) (holding that trial court=s
failure to admonish on possibility of deportation was harmless because appellant=s record
from the Texas Department of Corrections identified his birthplace as Parker
County, Texas), aff=d, 947
S.W.2d 262 (Tex. Crim. App. 1997); Foster v. State, 817 S.W.2d 390, 392
(Tex. App.CBeaumont 1991, no pet.) (holding
that trial court=s failure to admonish on
deportation was harmless because penitentiary packets of appellant=s prior
convictions listed appellant=s place
of birth as Harris County, Texas, and his nationality as AAmerican@).

Because the record shows that West was born in
Texas and is a United States citizen, the trial court=s
failure to admonish West on the deportation consequences of his guilty pleas
could not have influenced his decision to plead guilty and did not affect his
substantial rights.  See VanNortrick,
227 S.W.3d at 710B13.  Consequently, we hold that the trial court=s
failure to admonish West about the deportation consequences of pleading guilty
was harmless error.  See Tex. R.
App. P. 44.2(b); VanNortrick, 227 S.W.3d at 709, 713.  We overrule West=s second
point.

B. 
Remaining Admonishments








In his first point, West generally contends that
the trial court erred by failing to properly admonish him of the consequences
of his guilty pleas as set forth in article 26.13(a).

We have already determined that the trial court=s
failure to admonish West of the deportation consequences of his pleas was
harmless error.  Further, the trial court
committed harmless error by failing to admonish West of those article 26.13
admonishments that were inapplicable to his caseCspecifically,
the potential effects of a plea bargain agreement, the sex offender
registration requirement, and the prohibition on firearm possession.  See Tex. Code Crim. Proc. Ann. art
26.13(a)(2)B(3), (5)B(6); Anderson,
182 S.W.3d at 917. Although the trial court did not admonish West of the
potential effects of a plea bargain agreement, these were not plea bargained
cases and a jury was impaneled to assess his punishment.  See Anderson, 182 S.W.3d at 917
(noting that admonishment regarding plea bargain was unnecessary when a jury
was empaneled to assess the punishment).








Although the trial court did not admonish West of
the requirement to register with the state as a sex offender, West was not
charged with an offense requiring such registration.  See id. at 917, 919; see also
Tex. Code Crim. Proc. Ann. arts. 62.001B.408
(Vernon 2006) (detailing sex offender registration program).   Likewise, although the trial court did not
admonish West of the prohibition against firearm possession if convicted of a
misdemeanor involving family violence, West was not charged with such an
offense.  See Anderson, 182
S.W.3d at 919; Tex. Fam. Code Ann. ' 71.004
(Vernon 2008).  Because these admonitions
are inapplicable to West=s cases, they could not have
changed West=s decision to plead guilty, and
consequently, the trial court=s
failure to admonish West concerning these inapplicable consequences of his
guilty plea was harmless error.  See Tex.
R. App. P. 44.2(b); Anderson, 182 S.W.3d at 919.

Regarding the range of punishment admonishment,
the record affirmatively demonstrates that West was accurately admonished of
the range of punishment for each offense based on his guilty plea and in light
of his plea of true to each of the repeat offender notices.  See Fielding v. State, 266 S.W.3d 627,
636 (Tex. App.CEl Paso 2008, pet. ref=d)
(holding that appellant was properly informed of the punishment range when
appellant responded affirmatively to the court when asked if he understood such
range).








As demonstrated above, most of the admonishments
set forth in article 26.13 do not apply to the facts of this case.  The trial court properly informed West of the
one requirement that was applicable to WestCthe
admonishment about the range of punishment. 
For these reasons, we have a fair assurance that West=s
decision to plead guilty would not have changed had the trial court properly
admonished him. See Anderson, 182 S.W.3d at 919.  As such, we hold that, in the context of the
entire case against West, the trial court=s error
in failing to admonish him did not affect his substantial rights.  See VanNortrick, 227 S.W.3d at 710B13.
Thus, we disregard the error.  See
Tex. R. App. P. 44.2(b).  To the extent
that West=s first point argues that the
trial court erred by failing to properly admonish him in accordance with
article 26.13(a), we overrule his first point.

C. 
Voluntariness of Guilty Pleas

West=s two
points on appeal allege only a violation of article 26.13, but he includes an
analysis of case law regarding the due process requirement that a guilty plea
be entered voluntarily, knowingly, and intelligently.  Thus, we interpret his first point to include
an argument that his guilty pleas were not voluntary, and we will address this
argument in the interest of justice.

The general rule is that a guilty plea is
considered voluntary if the defendant was made fully aware of the direct
consequences of his plea.  State v.
Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  A defendant=s due
process rights are violated if a trial court accepts a defendant=s guilty
plea without a showing Aspread on the record@ that
the guilty plea was entered intelligently and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 242,
89 S. Ct. 1709, 1712 (1969).








Due process does not require the equivalent of
the article 26.13(a) admonishments.  Aguirre‑Mata
v. State, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003).  Although the failure to give a United States
citizen the deportation admonishment violates statutory law, it is not a constitutional
error and does not render a plea involuntary. 
See Jimenez, 987 S.W.2d at 888B89.  Similarly, the failure to give the
statutorily required sex offender registration admonishment does not render a
guilty plea involuntary.  See Bessey
v. State, 239 S.W.3d 809, 812 n.3 (Tex. Crim. App. 2007) (citing Anderson,
182 S.W.3d at 918, and Mitschke v. State, 129 S.W.3d 130, 136 (Tex.
Crim. App. 2004)).








Here, the trial court ascertained whether West
understood the charges against him, including the repeat offender notices and
the range of punishment that could be assessed. 
West also answered affirmatively that he had read the indictment in each
case and discussed it with his attorney.   
West=s attorney also asked whether
West understood the charges against him, to which West replied that he
did.  The trial court read each offense
separately, asking how West pleaded to each. 
Each time, West pleaded Aguilty.@  West also answered Atrue@ when
the trial court asked how he pleaded to the repeat offender notices.  Finally, the failure to advise West of all of
the inapplicable consequences of his pleas, as required under article 26.13 and
as set out above, did not render his pleas involuntary.  See Jimenez, 987 S.W.2d at 888B89;
Bessey, 239 S.W.3d at 812 n.3; Anderson, 182 S.W.3d at 918; Mitschke,
129 S.W.3d at 136.

The record clearly shows that West has a full
understanding of what his guilty pleas entailed and of their actual
consequences.  See Aguirre-Mata,
125 S.W.3d at 475.  Thus, we conclude
that West entered his guilty pleas intelligently and voluntarily and that,
consequently, his due process rights were not violated.  See Boykin, 395 U.S. at 241, 89 S. Ct.
at 1711B12.  We overrule West=s first
point.

IV. Conclusion

Having overruled West=s two
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: LIVINGSTON,
WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: May 21, 2009











[1]See Tex. R. App. P. 47.4.