IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## BARRY W. RITCHIE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 273920     Rebecca J. Stern, Judge**

_____

**No. E2009-02543-CCA-R3-HC - Filed June 14, 2010**

_____

The petitioner, Barry W. Ritchie, appeals the habeas corpus court's order summarily dismissing his pro se petition for writ of habeas corpus. Following our review of the record, the parties' briefs, and applicable law, we affirm the court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Barry W. Ritchie, Pro Se, Wartburg, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

The petitioner, Barry W. Ritchie, appeals the habeas corpus court's order summarily dismissing his third petition for writ of habeas corpus. In the petitioner's appeal from the denial of several motions challenging his convictions, this court summarized the procedural history of the petitioner's case as follows:

Following [the petitioner's] convictions, and those of his co-defendant, James William Massengale, for aggravated rape and armed robbery, the trial court sentenced each man to an effective sentence of life imprisonment. This Court affirmed the convictions on appeal. _State v. James William Massengale and_

*Barry Winfred Ritchie*, No. 780, Hamilton County (Tenn. Crim. App. Mar. 1, 1983), *perm. to appeal denied* (Tenn. June 27, 1983). [The petitioner] and Mr. Massengale then filed separate petitions for post-conviction relief which were denied, and the judgments of the trial courts were upheld on appeal. *State v. James William Massengale*, No. 922, Hamilton County (Tenn. Crim. App. Oct. 6, 1987), *perm. to appeal denied* (Tenn. Dec. 12, 1988); *Barry Winfred Ritchie v. State* [(*Ritchie I*)], No. 946, Hamilton County (Tenn. Crim. App. July 23, 1986), *perm. to appeal denied* (Tenn. 1986). Neither [the petitioner] nor Mr. Massengale questioned the jurisdiction of the Hamilton County Criminal Court to try and convict them either on appeal or in their respective petitions for post-conviction relief.

In 1991, Mr. Massengale filed a petition for writ of habeas corpus alleging that the offenses leading to his convictions occurred on property owned by the Tennessee Valley Authority thereby giving exclusive jurisdiction over the crimes to the federal courts. This Court affirmed the trial court's denial of Mr. Massengale's petition because he failed to provide any proof "that Congress intended for the United States Courts to have exclusive jurisdiction over matters arising on Tennessee Valley Authority property." *Massengale v. Mills*, 826 S.W.2d 122, 123 (Tenn. Crim. App. 1991).

A few years later, [the petitioner] also filed a petition for writ of habeas corpus alleging the same jurisdictional problem with his convictions, that is, the crimes occurred on property under the exclusive jurisdiction of the federal government. Neither [the petitioner] nor his co-defendant denied that the offenses took place in their respective habeas corpus petitions. However, unlike Mr. Massengale, [the petitioner] submitted the following documents with his petition: "(1) a map placing the offenses on a tract of land designated as CR 1418; (2) a set of deeds conveying the tract to the United States, specifically the Tennessee Valley Authority (TVA), in fee simple on May 2, 1938, and (3) an easement assigning all 'rights, privileges and powers' over the tract from Hamilton County, Tennessee, to the City of Chattanooga on March 5, 1992." *Ritchie v. State* [(*Ritchie II*)], No. 03C01-9601-CC-00029, 1998 WL 855517, at *1, (Tenn. Crim. App. June 21, 1999), *rev'd.,* . . . 20 S.W.[3d] 624 (Tenn. 2000). On appeal following the trial court's dismissal of [the petitioner]'s petition for writ of habeas corpus, this Court concluded that "a claim of lack of subject matter jurisdiction is cognizable in a habeas corpus proceeding." *Id.* at *2 . . . . We noted that a challenge to a trial court's territorial jurisdiction over the crimes, if successful, would render [the petitioner]'s conviction void in that court. *Id.* at *3 . . . . At [the petitioner]'s

original trial, three witnesses testified that the crimes were committed on an "area along the bank of the Tennessee River south of the Chickamauga Dam, on the same side of the river as the Amnicola Highway, and immediately behind Chattanooga State University." *Id*. We noted that "[i]n general, the courts of the State of Tennessee lack subject matter jurisdiction over matters occurring on federal lands purchased before 1940 without express provisions to the contrary contained in the property agreement." [*Id*. at *7] Because the evidence in the record raised sufficient questions concerning the convicting court's jurisdiction, we reversed the trial court's judgment dismissing [the petitioner]'s petition for writ of habeas corpus and remanded the matter for an evidentiary hearing despite the fact that the judgments of conviction were not facially void.

We also ordered the trial court to make findings of fact relative to the exact location of the offenses, the status of ownership at the time of the crimes and the status of any agreements between the property owner and other entities. *Id*. at *11 . . . . We did not, however, as [the petitioner] vigorously maintains throughout his pleadings, conclude that the federal government had exclusive territorial jurisdiction over [the petitioner]'s crimes. The determination of jurisdiction in this instance was, and still remains, dependent upon further factual determinations beyond the authority of this court. This Court's jurisdiction is appellate only. *See generally* Tenn. Code Ann. § 16-5-108; *State v. Workman*, 22 S.W.3d 807, 808 (Tenn. 2000). We do not possess the authority to conduct hearings and determine disputed issues of fact. *See Duncan v. Duncan*, 672 S.W.2d 765, 767 (Tenn. 1984). Instead, factual issues raised by the evidence are resolved by the trier of fact and not this Court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997), *cert. denied*, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 686 (1997). Although [the petitioner] believes that the various deeds and grants filed with his motions leave no doubt as to the resolution of his jurisdictional issue, the State has not had an opportunity to respond to [the petitioner]'s allegations, nor has a trial court made any factual determinations as to jurisdiction in light of the State's response.

Upon the State's appeal of our decision in *Ritchie* [*II*], the Supreme Court held that a petition for writ of habeas corpus is not the proper avenue for raising challenges to a conviction that depend on the introduction of extrinsic evidence. *Ritchie* [*III*], 20 S.W.3d at 634. Following a discussion of the history of habeas corpus relief, the court reiterated that "the reach of the writ of habeas corpus in Tennessee is severely restricted." *Id*. at 631. "[A]

-3-

Petitioner is not entitled to habeas corpus relief unless that petitioner can show from the record or the face of the judgment that the court of conviction lacked jurisdiction." *Id*. In a case such as [the petitioner]'s where it is necessary "to introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." *Id*. at 633. Accordingly, the Supreme Court reversed the judgment of this Court and dismissed [the petitioner]'s petition for a writ of habeas corpus.

*Barry Winfred Ritchie v. State* (*Ritchie IV*), No. E2002-02609-CCA-R3-PC, 2003 WL 21972931, at *1-2 (Tenn. Crim. App. at Knoxville, Aug. 18, 2003) *perm. to app. denied* (Tenn. Nov. 17, 2003).

On May 21, 2007, the petitioner filed a second petition for writ of habeas corpus alleging "that his judgments are void because the judge did not sign them, that his life sentence was void because the language of the aggravated rape statute was unconstitutionally vague, and that his indictment was constructively amended by the jury instructions." *Barry W. Ritchie v. Howard Carlton, Warden* (*Ritchie V*), No. E2007-01606-CCA-R3-HC, 2008 WL 2053732, at *3 (Tenn. Crim. App. at Knoxville, May 14, 2008) (footnote omitted). The Johnson County Criminal Court summarily dismissed the petition, and this court affirmed the summary dismissal. *Id*. at *1.

On October 30, 2009, the petitioner filed a third petition for writ of habeas corpus, which is the subject of this appeal, alleging that the federal court had exclusive jurisdiction to prosecute him because he committed the crimes for which the jury convicted him on property owned by the United States of America. The habeas court dismissed the petition in a written order, noting that it was bound by our supreme court's decision in *Ritchie III*. *See Ritchie III,* 20 S.W.3d at 634 (holding that "the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record," and appellants are "not entitled to a hearing to introduce extrinsic evidence collaterally attacking the jurisdiction of the convicting court").

**Analysis**

On appeal, the petitioner argues that the habeas court erred in summarily dismissing his petition and finding that the issue had previously been decided. Specifically, he argues that (1) the Tennessee Supreme Court's decision in *Ritchie III* violates "the duty to interpret statutes according to their intent and purpose and constitutes an . . . amendment to the statutes[,]" (2) a manifest injustice will occur if this court does not reconsider *Ritchie III*, and (3) the state's prosecution violated the supremacy clause of the United States Constitution.

In its response, the state asserts that the habeas corpus court properly dismissed the petition because the petitioner's claims did not merit relief, and the Tennessee Supreme Court has already decided the issues. The petitioner, in reply to the state's response, argues that no court has decided whether the trial court had jurisdiction over the petitioner's case.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101, *et seq.*, codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A writ of habeas corpus is available only when it appears on the face of the judgment or in the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a habeas court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The habeas court summarily dismissed the petitioner's third petition for writ of habeas corpus finding that it was bound by the rule established in *Ritchie III* "that any lack of territorial jurisdiction in the petitioner's cases did not appear on the face of the record and therefore did not entitle him to habeas corpus relief." Consequently, the habeas court summarily dismissed the petition.

On appeal, the petitioner argues that Tennessee Code Annotated sections 29-21-101-110 allow any person imprisoned or restrained of his liberty to prosecute a writ of habeas corpus to inquire, and make further inquiry if necessary, into the cause of the imprisonment or restraint so that the court may issue a writ of habeas corpus. According to the petitioner, *Ritchie III* places a restriction on the scope of the habeas corpus statutes and violates the court's duty to interpret statutes according to their intent and purpose. He alleges that *Ritchie III* amended the habeas corpus statutes, and this court should reconsider the supreme court's

decision in *Ritchie III* because it was clearly erroneous and would result in a manifest injustice if we allow it to stand.

Our supreme court has opined that an appellate court may not consider issues that have been previously determined on appeal.

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); *see also Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009). This doctrine "promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts." *Id.* The law of the case doctrine also applies to issues that courts determined necessarily by implication. *Id.*

Limited instances justify reconsideration of an issue that a court decided in a previous appeal. A court may reconsider a ruling if

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (quoting *Memphis Publg. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)).

Although we may reconsider prior rulings in certain instances, the adjudications of the Tennessee Supreme Court govern our review, and their precedents are final and conclusive upon all inferior tribunals, including this court. *Cauthern v. State*, 145 S.W.3d 571, 600; *see also Fletcher v. State*, 951 S.W.2d 378, 381 (Tenn. 1997); *Barger v. Brock*, 535 S.W.2d 337, 340 (Tenn. 1976). "As an intermediate appellate court, it is beyond our statutory function to overrule the holdings of our supreme court." *State v. Donald Ray Middlebrooks*, No. 01C01-9606-CR-00230, 1998 WL 13819, at *15 (Tenn .Crim. App. at Nashville, Jan. 15,

1998) (citing *Reimann v. Huddleston*, 883 S.W.2d 135, 137 (Tenn. App. 1993)). "This court is without the authority 'to revise, alter, modify, modernize or otherwise change a common law rule created by the Supreme Court.'" *State v. Vickers*, 985 S.W.2d 1, 8 n.9 (quoting *State v. Braden*, 867 S.W.2d 750, 759 (Tenn. Crim. App. 1993)). Accordingly, we decline the petitioner's invitation to reconsider the issues that the supreme court previously decided in *Ritchie III*.

The petitioner argues the state's prosecution violated the supremacy clause of the United States Constitution because the land where he committed his crimes was federal property, and the federal courts had jurisdiction of his case. In support of this argument, the petitioner cites to the trial transcript where witnesses testified that the crimes occurred on property owned by TVA. The trial record does establish that the defendant committed the crimes on TVA property; however, it does not establish that the United States of America owned the land. Moreover, assuming *arguendo* that the federal government did have jurisdiction over the petitioner's crimes, the record does not indicate that the Hamilton County Criminal Court lacked concurrent jurisdiction to punish the petitioner. "[W]hen a judgment of conviction is alleged to be void for want of territorial jurisdiction, that fact must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." *Ritchie III*, 20 S.W.3d at 633. The supreme court's decision in *Ritchie III* is binding on this court. Whether the federal government owned the land where the petitioner committed his crimes does not "appear clearly and indisputably either on the face of the judgment or in the original trial record." Thus, we conclude that the habeas court did not err in summarily dismissing the petition, and the petitioner is not entitled to relief. *Ritchie III*, 20 S.W.3d at 633.

## Conclusion

Based on the foregoing, we affirm the judgment of the habeas court.

_____
J.C. McLIN, JUDGE